E. C. GILBERT, Executor of the Will of L. S. GILBERT, Deceased, Appellee, v. GEORGE GILBERT AND OTHERS, Appellants.

Wills: CONSTRUCTION: LAPSE OF DEVISE. The heir of a devisee who dies before his testator will inherit nothing through him, where it appears from the terms of the will that the testator intended that the devise should lapse in that event and a different distribution of the entire estate should be made.

*Appeal from Keokuk District Court.*— HON. JOHN T. SCOTT,
Judge.

THURSDAY, JUNE 8, 1905.

THE opinion states the case.— *Affirmed.*

*A. C. Steck* and *Brown & Wilcockson,* for appellants.

*Stockman & Hamilton,* for appellee.

WEAVER, J.— On January 6, 1896, L. S. Gilbert, a
resident of Keokuk county, executed the will hereinafter set
out.   At that date his wife, Margaret Gilbert, was living, as
were also her two daughters and four sons, children of their
marriage, and one grandson, the only child of a deceased
daughter.   The wife, Margaret Gilbert, died intestate May 7,
1900, and her death was followed by that of the testator in
the following October.   At the date of the will and at his
death the testator was seised of about 248 acres of land,
together with some personal estate.   Doubt having arisen
as to the true meaning and legal effect of the will, this action
was instituted to secure its construction
    The instrument is in the following words:

    I, Loring S. Gilbert, of Harper, in the township of
Lafayette in the county of Keokuk and State of Iowa,
being eighty years of age, and of sound mind and memory
do make, publish and declare this my last will and testament
in the manner following to-wit:
    1. I give and bequeath to my wife, Margaret Gilbert,
the southeast one fourth of section No. twenty, (20) town-
ship No. seventy-six, range ten west and also eight acres of
timber in section No. twenty-two (22), township seventy-
six, (76) range eleven (11) west of the fifth principal merid-
ian, all in Keokuk county, State of Iowa.   Also all my per-
sonal property except my watch and goldheaded cane.
    2. After my wife's decease I desire to have all my
real and personal property which may be left after the pay-
ment of all my honest debts to be sold and the proceeds

divided as follows viz: I give to my daughter, Ansylvania White or her children the sum of one thousand (1000) dollars, to my daughter, Katherine Farley, or her children, the sum of one thousand (1000) dollars, to Lucian Case the sum of five (5) dollars; the balance of my property, both real and personal, I give and bequeath to my sons, George Gilbert, E. W. Gilbert, Charles Gilbert and Edwin C. Gilbert to be divided in equal shares after deducting two thousand (2000) from George Gilbert's share and one thousand (1000) from . . . these being sums already paid for them by me. I give my silver watch to my grandson, Loring S. Farley, and I give my goldheaded cane to Edwin C. Gilbert.

L. S. GILBERT.

The question presented is substantially as follows: Do the children and grandchild take any interest in the property mentioned in the first paragraph of the will by inheritance from Margaret Gilbert, or does the entire estate of which L. S. Gilbert died seised or possessed pass by the will directly to the beneficiaries named in the second paragraph, and in the shares and proportions there described? The importance of the inquiry will be recognized when we note that the property devised to the wife constitutes the greater part of the estate, and, if the heirs take through her, they will, as to such property, share equally; but if that devise is held to have lapsed by the death of the wife before the death of the testator the entire estate must be devised according to the plan contained in the second paragraph, giving to some of the devisees materially more than others. The trial court held to the latter theory, and entered a decree construing the will accordingly. Much attention has been given in argument to the question whether the devise to the wife was a life estate or a fee; but in our view this inquiry is not decisive of the rights of the parties to this proceeding, and we do not determine it. At common law, if the beneficiary under a will died before the decease of the testator, the devise lapsed, and the property intended for such person fell into the general estate. See Vol. 18, Am. and Eng. Enc. of Law (2d Ed.), page 748, and cases cited in note.

It follows therefrom that at the death of Margaret Gilbert the testamentary provision in her favor ceased to be of any effect, and her heirs obtained no rights through her in the estate of her husband, unless we are able to find some statutory provision calling for the application of a different rule. As having this effect the appellants cite and rely upon Code, section 3281, which reads as follows: "If a devisee die before his testator, his heirs shall inherit the property devised to him unless from the terms of the will a contrary intent is manifest." Reading this statute and applying it to the conceded fact of the death of the wife in the lifetime of the testator, we have left the simple further inquiry whether, from the terms of the will, there appears a manifest intent upon the testator's part that in such contingency his entire estate should be distributed according to the second paragraph. After a careful consideration, we are of the opinion that the trial court reached the correct conclusion. For this purpose we may concede the appellants' contention that, had Margaret Gilbert survived her husband, she would have taken an absolute fee in the property devised to her; but this fact cannot make Code, section 3281, effective for the benefit of her heirs to the defeat of the testator's intent to the contrary. That such was his intent is shown by the fact that after giving to the wife a large part of his land and all his personal property except his watch and cane, he provides that after her death all his real and personal estate except the watch and cane shall be sold for the purpose of distribution. The same understanding is manifested in the fact that the sale which was to be made of all his estate is postponed until after the death of his wife. On no other theory can we reasonably account for this postponement. While the will is awkwardly expressed, it is fairly evident that the testator wished the entire estate to be kept intact his wife's lifetime, and that at her death, and not before, a distribution should be had. It is also a notable fact that, while giving to her direct two-thirds of the land, the

other devisees are given no right in or title to the other one-third except to share in the distribution of the proceeds of its sale after her death. No one will dispute the proposition that a testator, after devising property to another, may provide that in case of the death of such devisee before the will takes effect the property so devised shall not go to the devisee's heirs, but shall take such other direction as the testator may see fit to prescribe. Such we conclude is the legal effect of the will under consideration, and it follows that the estate remaining after the payment of all just claims and costs is subject to distribution under the second paragraph of that instrument.

This conclusion having been reached, other objections and exceptions argued become immaterial.

. The decree of the district court must be, and is hereby, *affirmed.*