LEO KLUG, ADMINISTRATOR, APPELLEE, V. ALBERT A. SEEGA-
BARTH ET AL., APPELLANTS.

FILED APRIL 16, 1915. No. 18076.

1. **Wills: BEQUEST: LIEN: JURISDICTION.** The district court has original jurisdiction of an action to have a specific bequest of money declared a lien upon, and enforced against, real estate in the hands of the residuary legatee, though the construction of the will is involved.

2. ———: CONSTRUCTION: BEQUEST: LIEN. The intention of the testator to make a bequest a charge upon real estate may be inferred, where the bequest is followed by the gift of the residue of real and personal property in one mass.

3. **Limitation of Actions: BEQUEST: SUIT TO ENFORCE LIEN.** An action to enforce the lien of a specific money bequest upon real estate in the hands of the residuary legatee is not barred until ten years from the time payment becomes due.

APPEAL from the district court for Pierce county: AN-
SON A. WELCH, JUDGE. *Affirmed.*

*Isaac Powers,* for appellants.

*C. H. Stewart* and *M. H. Leamy, contra.*

HAMER, J.

This action was brought in the district court for Pierce county for the purpose of having a specific bequest of money declared a lien upon real estate in the hands of a residuary legatee.

Ferdinand Seegabarth died in 1883, seized of certain real estate in Pierce county, and leaving a will which was admitted to probate, and which provided, first, for the payment of his funeral charges, the expense of administering his estate, and contained this provision: "Second. I give and bequeath to my beloved wife, Emelie C. A. Seegabarth, the sum of $500 in lieu of her dower, and of any distributive share in my estate to which she would be otherwise entitled. The said $500 to be paid over to the said Emelie Seegabarth, my beloved wife, upon the arrival of my eldest son at the age of 21, provided should my wife aforesaid marry before said eldest son arrives at the above mentioned age then this money to be paid to her by my executor provided she move off the farm now occupied by me, otherwise the money to remain in the estate until such time as my eldest son, Albert A. Seegabarth, arrive at the age of 21. It is my wish and desire that my said wife shall have the use of and profits of my farm after paying interest on mortgage and taxes which may become due from time to time, and which may be due and unpaid at the time of my decease, until such time as my son shall become of age.

"Third. I give and bequeath all the residue of my estate, real and personal, to my son Albert A. Seegabarth, to be paid to him as he becomes of age.

"In case he should not live to reach that age, then the said property to be divided among the rest of my children share and share alike, to be paid to them respectively as they become of age. In case they should die before becoming of age the said property to revert to my beloved wife, Emelie C. A. Seegabarth, provided that the said Al-

bert A. Seegabarth shall pay to each of my surviving children the sum of $300 upon their becoming of age respectively."

Ferdinand Seegabarth left as his heirs his wife, Emelie, his son, Albert, who is an appellant, and a daughter, Anna. Emelie Seegabarth elected to take under the will. In 1884 the widow of Ferdinand Seegabarth married Leo Klug. She continued to live on the farm until her death in 1897. She paid the interest and taxes as required by the will. No dower was ever assigned to her. The bequest of $500 was never paid to her. She died testate, leaving four children by her marriage with Klug. Her will, which was admitted to probate and under which Klug was administrator, contains a provision as follows: "I bequeath, devise and give away my personal and individual property as follows: The $500 coming to me from my first husband Ferdinand Seegabarth I wish divided between my children as follows." Then follow the terms of division. A decree was rendered in the district court in favor of the administrator of Mrs. Klug, finding the bequest to her by Seegabarth a lien upon the real estate which passed by his will, and foreclosing this lien.

The first objection urged is that the district court did not have original jurisdiction to entertain the action. In this connection it is now well settled that the county courts have exclusive jurisdiction of all matters of probate and plenary powers for the exercise of that jurisdiction. *Reischick v. Rieger*, 68 Neb. 348; *Williams v. Miles*, 63 Neb. 859. In the first of these cases it is said, among other things, in the syllabus: "The county court has exclusive original jurisdiction of all probate matters, and where the relief sought by an action is such as the county court, in the exercise of its probate jurisdiction, might grant, the district court has no original jurisdiction."

Section 16, art. VI of the Constitution, provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians, and settlement of their accounts; in all matters relating

to apprentices; and such other jurisdiction as may be given by general law."

The county court is the court having exclusive original jurisdiction over all matters of the probate of wills, the appointment of administrators and executors, the administration of estates, etc.; but this does not operate to exclude the jurisdiction of the district court in a case where the construction or consideration of a will is incidentally involved and the relief demanded does not call for a direct exercise of probate power. *St. James Orphan Asylum v. Shelby,* 75 Neb. 591. Where the purpose of the proceeding is to further administration or settlement of the estate, to construe a will for the guidance of the executor or administrator, then the only court having original jurisdiction is the county court; but in the present case the purpose of the suit is not to further administration, but it calls for the exercise of power not connected with the probate of the will or administration of the estate of Seegabarth. In the case last cited it is said in the syllabus: "The original jurisdiction of the district court over an action to quiet the title to real estate is not affected by the fact that incident thereto there is involved the construction of a will." In such a case as this, the fact that the construction of a will is involved does not exclude the jurisdiction of the district court. In *Youngson v. Bond,* 69 Neb. 356, this court considered the question. A construction of a will by the county court is for the information and benefit of the executor and administrator only. It does not affect the controversies between adverse claimants.

In *Andersen v. Andersen,* 69 Neb. 565, it was said in the syllabus: "The county court has jurisdiction to construe wills for the purposes of the administration and settlement of estates. But the construction of a will, in such a case, is for the information and benefit of the executor or administrator only, in order to advise him what course to pursue. It will protect him from any charge of maladministration of the estate, but it adjudicates nothing beyond his rights and liabilities in the execution of his of-

fice; controversies between adverse claimants, under the devise, will not be affected thereby."

It is also contended that the legacy could not be held a charge against the real estate unless such intention could be gathered from the will; but it is generally held that such intention must be inferred from the gift of a legacy followed by the gift of the residue, real and personal, in one mass, since otherwise there could be no residue of the real estate. 3 Pomeroy, Equity Jurisprudence (3d ed.) sec. 1247.

It is next urged that the suit is barred by the statute of limitations. The suit was brought less than ten years after defendant became of age, at which time the legacy was payable. It follows that, if the intent of the testator was to make the legacy a charge upon his real estate, it became a lien thereon, and the period within which it could be enforced is controlled by that section of the statute providing for the recovery of real estate, and which is ten years.

It follows that the judgment of the district court is right, and it is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.