LUTHER C. WORLEY ET AL., APPELLEES, V. MATILDA INEZ WIMBERLY ET AL., APPELLEES; HENRIETTA GRIM ET AL., APPELLANTS.

FILED NOVEMBER 13, 1915. No. 18413.

1. **Wills: CONSTRUCTION.** In the construction of a will the intention of the testator, if it can be ascertained, must govern. Such intention

should be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will.

2. ————: ————. Under provisions of the testator's will set out in the opinion, *held*, that he intended to convey to his widow only a life estate.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*R. D. Fuller,* for appellants.

*Hastings* & *Coufal, C. M. Skiles, F. H. Mizera, J. J. Thomas* and *N. Dwight Ford, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Butler county. The purpose of the appeal is to obtain a construction of the will of one Joshua Worley, who was a resident of that county at the time of his death. The trial court construed the will in question to devise to the widow of the testator a life estate in his property. The appeal is prosecuted by the guardian *ad litem* of certain minor heirs of the testator who were made defendants in the action. The will, so far as it relates to the disposition of testator's property, after the introductory declaration, reads as follows:

"Second 2. I give and bequeath to my beloved wife, Eliza Jane Worley, all of my real estate (describing it).

"Third 3. And all the personal property of every description whatsoever moneys notes bankable paper of every description belonging to me at my death.

"Fourth 4th. And the said Eliza Jane Worley my beloved wife is to have the use of all lands and personal property so long as she lives or remains my widow but if she should marry then all property both real and personal shall be divided up equally between the children and at any time the property is divided and each child shall choose one man each and they shall divide the property equally and if the said Eliza Jane Worley wants to help any one of the children she can do so and it be charged up to their estate and taken out at final settlement — and

this settlement must be final and if any one of the children become dissatisfied and go to law he or she shall only be allowed one dollar as it is my will that there be no law suit in the settling up my estate.

"Fifth 5.   And the said Eliza J. Worley my beloved wife is to let my son Luther have the farms on the same terms that he now. has them or had them in the past years as long as he sees fit or till· the final settlement is made.

"6 sixth.   All houses and lots belonging to me at this time or in the future at my death shall belong to my beloved wife Eliza Jane Worley on the above conditions."

It is the contention of the appellants that this will devised to Eliza Jane Worley all of the estate of the testator in fee simple, and it is argued that the district court erred in construing it to devise to her only a life estate.   It is argued by the appellants that the widow took the estate in fee simple, for the reason that it does not clearly appear that the testator intended to convey to her a lesser estate. In arriving at a satisfactory solution of the question, it must be observed that the notary public employed by the testator to draft the will was an inexperienced scrivener; that, notwithstanding that fact, the writer of the will was anxious to clothe it with all necessary formalities.   Neither he nor the testator had a careful regard as to· the rules of technical construction.   It is argued, however, that by the terms of the first paragraphs in the will the testator devises all of his real and personal property to his wife, and that the same is not. qualified by the clause which reads as follows: "And the said Eliza Jane Worley my beloved wife is to have the use of all lands and personal property so long as she lives or remains my widow."   Several cases are cited from other jurisdictions in support of this contention.   We think this court, however, has settled the question in the case of *Loosing v. Loosing,* 85 Neb. 66. It was there said:   "The rule does not of necessity apply merely for the reason that the first clause considered by itself might be construed as conveying a fee simple. The later clause, or clauses, may be read in connection with

the first one for the purpose of advising the court whether it actually did transfer the fee, and if it does not in itself clearly and unequivocally do so, and by a comparison thereof with the remaining parts of the instrument the court is convinced that the testator did not in fact intend to vest the greater title in the first taker, the instrument will be construed accordingly. In other words, quoting Mr. Justice Strong in *Sheets' Estate*, 52 Pa. St. 257: 'Subsequent provisions will not avail to take from an estate previously given qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right.' "

It is further contended by appellants that the intention to invest the widow with a fee simple is further evidenced by the clause by which it is stated by the testator that "if the said Eliza Jane Worley wants to help any one of the children she can do so and it be charged up to their estate and taken out at final settlement." We think this contention is unsound.

The sole and controlling question in the case is: What was the intention of the testator and by what method may it be determined? In *Clarke v. Boorman's* Exr's, 18 Wall. (U. S.) 493, Mr. Justice Miller said: "To these considerations it is to be added that of all legal instruments wills are the most inartificial, the least to be governed in their construction by the settled use of technical legal terms, the will itself being often the production of persons not only ignorant of law but of the correct use of the language in which it is written. Under this state of the science of the law, as applicable to the construction of wills, it may well be doubted if any other source of enlightenment in the construction of a will is of much assistance than the application of natural reason to the language of the instrument under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution, and connecting the parties and

the property devised with the testator and with the instrument itself."

The testator, when the will in question was drawn, and at his death, had a wife and three children, the objects of his bounty. He also had a half section of land and some personal property. He bequeathed his personal property and devised his real estate to his wife, in conclusion of which bequest and devise he declared: "And the said Eliza Jane Worley my beloved wife is to have the use of all lands and personal property so long as she lives or remains my widow." This seems to be clearly a limitation upon the extent of her estate in the real and personal property, and is a valid and effective limitation defining the extent of her estate.

There is some evidence in the record which tends to show that the widow had recognized that she was devised a life estate only.

Considering the evident intention of the testator, we are of the opinion that the district court correctly construed the will, and the judgment is therefore

AFFIRMED.

LETTON, J., I concur for the reason that, in addition to the portions of the will discussed in the opinion, there are other expressions which clearly indicate the testator's intention to give the wife a life estate only.

FAWCETT and HAMER, JJ., not sitting.