ANNA SCHMINKE, APPELLANT, V. DORA SINCLAIR ET AL., APPELLEES.

FILED JUNE 23, 1916. No. 18967.

1. **Wills**: DEVISE: CONSTRUCTION. While a limitation repugnant to a devise of the fee is void, a subsequent clause disposing of the property on the death of the devisee may be considered an indication of the testator's intent, by means of the previous clause, to devise a life estate only, where such previous clause does not clearly and unequivocally devise the fee.

2. ——: ——: ——. A devise to testator's widow "so long as she shall continue my widow and unmarried," the property, in the event of her marriage or death, to be divided equally among the testator's children, vests in the widow a life estate only.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*George W. Berge* and *L. F. Jackson,* for appellant.

*Paul Jessen* and *Livingston & Heinke, contra.*

ROSE, J.

This is an action for the construction of the will of Paul Schminke, who died in Otoe county, December 25, 1892. Plaintiff is his widow, and defendants are his heirs. The will provided:

"(1)   I devise and bequeath all the estate and effects whatsoever and wheresoever, both real and personal, to which I may be entitled or which I may have power to dispose of at my decease unto my dear and beloved wife, Anna Schminke, so long as she shall continue my widow and unmarried; and in the event of her marriage or death I devise and bequeath the same to my children, to be divided between them as nearly as may be possible in equal shares, except as follows:

"(2)   I devise and bequeath to each of my sons, D. William Schminke and Charles Schminke, an additional sum of one thousand ($1,000) dollars in cash.

"(3)   And to my daughters, Mrs. Dora Sinclair and Augusta Schminke, an additional sum of five hundred ($500) dollars in cash to each of them."

From a judgment of the district court decreeing that plaintiff took a life estate only, she has appealed.

Plaintiff contends that the will vested in her a fee simple estate, subject to remarriage. She invokes the statute providing that every conveyance shall pass all the interest of the grantor therein unless a contrary intent appears. Rev. St. 1913, sec. 6192. She argues that the first clause devised a fee, subject to remarriage, and that the subsequent limitation was void as being repugnant to the fee. *Little v. Giles,* 25 Neb. 313.

The contention of plaintiff is answered in *Loosing v. Loosing,* 85 Neb. 66, 74, wherein it is said: "The intent

of a testator must control, and will be ascertained from the language of the will aided somewhat by a consideration of the facts and circumstances surrounding the testator as reflected from the evidence, but that intent will not be inferred in flat contradiction to, and in violation of, well-established rules of law. We are committed to the principle that, if a testator in his will devises an estate in fee simple, a subsequent clause attempting to devise over any part of that estate is void. *Spencer v. Scovil*, 70 Neb. 87. We are satisfied with the principle stated in the cited case. The difficulty arises in applying the rule to the facts in the particular case. The rule does not of necessity apply merely for the reason that the first clause considered by itself might be construed as conveying a fee simple. The later clause, or clauses, may be read in connection with the first one for the purpose of advising the court whether it actually did transfer the fee, and if it does not in itself clearly and unequivocally do so, and by a comparison thereof with the remaining parts of the instrument the court is convinced that the testator did not in fact intend to vest the greater title in the first taker, the instrument will be construed accordingly."

The intention of the testator as expressed in his will as a whole was to give his widow an estate which should terminate in the event of her marriage or death. In other words, he intended that, upon her death, or sooner in case of her marriage, the estate should be divided equally among all of his children. The intention to give his children a share of his estate is manifest. General and equivocal words in the first part of the will which, standing alone, might vest the fee in plaintiff are to be considered as limited by the subsequent clauses evidencing an intent to devise only a life estate.

The judgment of the district court is therefore

AFFIRMED.