CHARLOTTE CARMAN et al., Appellees, v. LUCILE McGUIRE DAVIS et al., Appellants.

**WILLS:** Construction—**Life Estate (?) or Fee (?)** A devise, apparently in fee, to a wife will be construed to create a life estate only, when the apparent fee is modified by a later paragraph of the will, to the effect that whatever remained of the devise at the death of the wife should pass to testator's grandchildren, and when the will is formally consented to in writing by the wife at the time of its execution. It follows that the will carries nothing to the wife's heirs, in case she predeceases the testator.

*Appeal from Wapello District Court.*—F. M. HUNTER, Judge.

JUNE 23, 1922.

ACTION to construe the last will and testament of H. H. McGuire, deceased. The trial court ruled in favor of the contentions of the plaintiffs, and judgment was entered accordingly. Defendants appeal.—*Reversed.*

*W. L. Simmer, Roberts & Webber,* and *J. J. Smith,* for appellants.

*Gilmore & Moon,* for appellees.

DE GRAFF, J.—This appeal involves the construction of the will of H. H. McGuire, deceased. The plaintiffs herein are the heirs at law of Elizabeth C. McGuire deceased, who was the second wife of the testator H. H. McGuire. She died prior to her husband. The defendants are the grandchildren and devisees of the testator H. H. McGuire.

The plaintiffs-appellees filed an application for the construction of the will of H. H. McGuire and alleged therein that under the terms of his will he gave to Elizabeth C. McGuire a title in fee simple to an undivided one third of all of the testator's real estate and an absolute title to one third of all the personal property subject to the payment of the testator's just debts and the erection of a monument.

It is the contention and claim of the devisees and appellants as stated in their application that the will of the said H. H. McGuire intended, and should be so construed, to give all of the property of his estate share and share alike to the grandchildren named in said will; that the wife Elizabeth, had she survived the testator, would have taken a life estate, but having died prior to the testator, the entire estate left by him should be divided among his grandchildren in order to carry out the expressed intention in said will.

The portion of the will material to the determination of the issues involved reads as follows: "I give, devise, bequeath, my estate and property, real and personal, as follows that is to say: to my beloved wife Elizabeth C. McGuire, one third (1/3) of all my property, both real and personal, and the remaining two thirds (2/3) to my beloved grandchildren, and shall be divided equal, share and share alike. (Here follows an enumeration of the number of children of each of the testator's children.)

It is my request and will that after the death of my beloved wife Elizabeth C. McGuire, and after all her just debts are paid, then the remaining part of the estate shall be divided equal, share and share alike between my beloved grandchildren."

Attached to said will and filed therewith is the following writing: "I, Elizabeth C. McGuire, wife of H. H. McGuire hereby agree to the will made by my beloved husband H. H. McGuire this 25th day of January, 1913, and agree that at my

death the remaining portion of his estate shall be divided equal share and share alike, between his grandchildren.'' This writing was signed by Elizabeth C. McGuire and witnessed by two competent witnesses.

What would Elizabeth C. McGuire have taken under this will had she been living at the time of her husband's death? Under the first paragraph thereof it could be said that the testator gave to his wife Elizabeth one third of his personal property absolutely and one third of the real estate in fee. The material question is what effect has the limitation of the second paragraph upon the first? Was the one third given in the first paragraph intended to be limited by the language of the second?

It is observed that the word ''remaining'' is found in both paragraphs of this will. In the first it is the ''remaining two thirds'' that is given to the grandchildren; in the second paragraph it is the ''remaining part of the estate'' that is given to the grandchildren. What estate?

It is the intention of the testator that we are seeking to define and declare, and in doing this we must construe the will as a whole giving effect to each and every provision thereof, if this can be done. It is quite clear that whatever was intended by the testator the wife Elizabeth gave full acquiescence. It must be presumed that the wife knew that if she did survive him she had the legal right to refuse to take under the will and that she was entitled to take one third of his estate in fee as her distributive share. Some reason must have been in the mind of the testator when he required that she give her written consent to the provisions of the will. This writing is testamentary in character. The wife had no children of her own, and it would be far-fetched to presume that she desired any part of the estate to pass to her collateral heirs. In effect she said by that writing, which is proper to be considered in construing the will of the testator, that she consented that whatever remained of the estate at her death should be divided among his grandchildren. *Anderson v. Anderson*, 181 Iowa 578. All of his estate remained at her death. She estopped herself and all claiming through her.

Clearly the testator had something in mind when he added

the second paragraph to his will. The second paragraph must be wholly rejected or it must be considered a limitation on the language of the first paragraph. We accept the latter view. The second paragraph manifests an intention of the testator that upon the contingency of his wife's death before him all of his estate remaining at that time should go to his grandchildren. If she survived him, then the estate vested in her should go to the grandchildren upon her death.

If the first paragraph intends a fee estate in one third according to the obvious meaning of the words used and considered alone, the last paragraph of the will is unnecessary, useless and is in fact expunged from the will. There was no occasion for the wife to consent that two thirds of the estate should go to the grandchildren, that being the plain intent of the first paragraph of the will. Both paragraphs are the words of the same testator and must be considered equally binding. Both possess equal dignity and a court in construing such a will must give them equal attention. The language of the first paragraph does not in words create a fee in the wife, but without further limitation it could be construed as the creation of an absolute estate in her. The limitation in the second paragraph, however, is not consistent with the theory of an absolute estate in the wife, but it is consistent with the theory that the testator intended that the wife should possess and hold a life interest and upon her death the estate should go to the grandchildren.

If the testator intended to give the wife a fee he did not say so, and in the last paragraph of his will he manifested his intent that his grandchildren upon her death should take her interest, if it became vested. It is an expression of intent on the part of the testator to limit the estate vested in his wife to a life estate. It follows therefore that upon the death of Elizabeth McGuire the testamentary provision in her favor terminated and her heirs (plaintiffs herein) secured no rights through her in the estate of her husband. As bearing upon the proposition see, *Gilbert v. Gilbert,* 127 Iowa 568; *Hiller v. Herrick,* 189 Iowa 668; *Canaday v. Baysinger,* 170 Iowa 414; *Robinson v. Finch,* 116 Mich. 180 (74 N. W. 472).

We conclude therefore that the judgment entered by the

trial court does not express the intention of the testator of the will in question and the judgment of the lower court must be and is—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.