AUGUST JOHN HEYER ET AL., APPELLEES, V. PAULINE
HEYER, APPELLANT.

FILED SEPTEMBER 22, 1923.   No. 22366.

1. **Wills**: CONSTRUCTION. "In the construction of a will the intention
of the testator, if it can be ascertained, must govern. Such inten-
tion should be ascertained from a liberal interpretation and compre-
hensive view of all the provisions of the will." *Worley v. Wim-
berly*, 99 Neb. 20.

2. ———: DEVISE: CONSTRUCTION. Under the provisions of the tes-
tator's will set out in the opinion, *held*, that he intended to convey
to his widow only a life estate, coupled with a power of sale under a
certain contingency. *Held*, further, that the contingency contem-
plated did not arise and such power of sale became, and is, ex-
tinguished.

APPEAL from the district court for Otoe county:
JAMES T. BEGLEY, JUDGE. *Affirmed.*

*W. F. Moran,* for appellant.

*Pitzer, Cline & Tyler, contra.*

Heard before LETTON, ROSE, DAY, DEAN, ALDRICH and
GOOD, JJ., BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This action was instituted in December, 1920, to obtain
a construction of the will of Edward Heyer, which had
been admitted to probate in the year 1890, in its effect
upon the title to certain real estate situated in Otoe
county, Nebraska, of which the testator died seised and
possessed.

The will was perhaps autographic, or, in any event,
was written by one wholly unacquainted with the prepa-
ration or requirements of such instruments. It was,
however, the effort of an untrained layman to express
the wishes of the testator in the serious business of dis-
posal after his death of the property of which he was
possessed, and it is the duty of the court, acting under
established rules, to give effect as far as possible to such
wishes and to authoritatively declare the intent of the
testator.

The will, so far as concerns the present inquiry, is written as follows:

"After my death the farm shall go to my wife, Pauline Heyer.

"After her death the farm shall go to my son, August John Heyer. * * *

"In case my wife cannot keep up the place (farm), I give her the right to sell it, provided she is single.

"Should she marry again she shall not sell it."

The testimony covers a much broader field than the issues made by the pleadings. The petition prays for a construction of the will in respect to the rights of the son derived therefrom, and of the widow, and of her power of sale, and asks that it be held to establish a life estate in Pauline Heyer with remainder to the son; and, if it should be held that the widow has a right of sale, that the remainder will be protected by a trusteeship for the investment and conservation of the proceeds. The defendant in her answer prays that she be decreed to own the fee simple title to the premises, and that she may dispose of the same and convey absolute title. It will be seen that the sole question actually involved in the case is a determination of the title or interest devised by the will to the widow and to the son, including the effect properly to be given to the clause respecting the sale of the premises by the widow.

The daughters, of whom there are five, are not parties to this action and have not applied to be made parties. Any question as to the propriety or fairness of the terms of the will as affecting them cannot be considered in this case, in the disposition of which it must be remembered that it is not the function of the court to substitute the opinion of a judge or judges for that of the testator as to what would constitute the right disposition of his estate, but its sole function is and should be to ascertain and declare with as much certainty as possible what was the real intention of the testator. The will is an established fact and muniment of title. It

has stood admitted to probate and unchallenged in the courts for 30 years. The widow made her election to take under it. The county court in making its order of final distribution July 14, 1891, found that by the terms of the will the widow, defendant herein, took a life estate in the farm with the right to sell it unless she remarried, provided she could not pay the incumbrance.

We can determine the meaning and effect of the will upon the interests of the parties to this suit in the land involved, but we cannot in this case undertake to consider any adjustments they may have made or attempted with others, nor do we find the pleadings or evidence such that we can undertake to ascertain or adjudicate any right of contribution or reimbursement as between the life tenant and remainderman.

Considering now the will, it is held to be elementary that in its construction the court should effectuate the intention of the testator if it can be ascertained, and in order to ascertain the same should place itself as nearly as possible in the position of the testator and consider the whole of the instrument as distinguished from some particular part or clause thereof. When there are different provisions in the will as to the disposition of specified property, they must be construed together to ascertain the intention of the testator. *In re Estate of Willits,* 88 Neb. 805; *Worley v. Wimberly,* 99 Neb. 20; *Grant v. Hover,* 103 Neb. 730.

The language of the will is simple. The rules of construction to be applied are elementary. The first two sentences hereinbefore quoted are not subject to construction, when both are considered, they so clearly give a life estate to the wife and remainder to the son.

It is the clause pertaining to sale that is material here. As to this we must seek to put ourselves in the position of the testator. It contains in itself a limitation, in that the wife was prohibited thereby from selling if she should marry again. A sale was authorized only

in the event she could not keep up the farm. When we consider the situation in which the testator was then placed, in the year of the drought which many of us remember, himself about to be taken from his wife and family of five minor children, living upon the land, which was incumbered by mortgage for the entire purchase price, there is no doubt that the thing in his mind was her ability or inability to so manage as to take the farm out from under the burden then existing and accumulating burden of taxation. This, with the aid of her children, principally her son, she did accomplish, and ten years later the mortgage indebtedness was extinguished. The farm had been improved and was carried on in a successful manner for more than ten years additional. We do not think the testator reasonably could have contemplated that, long after the expiration of this time, and when his wife in the ordinary course of nature had become aged and unable to personally supervise the farming operations, the power of sale should become operative. It was intended to cover the contingency of her being able to keep up the farm as a family home under the conditions as they then existed; and when such conditions were overcome and the property released from incumbrance and placed upon a revenue producing basis which has furnished her means to the extent shown by the record that she has, from so much of the proceeds as she has received, accumulated a surplus of more than $7,000, it is clear that the purpose for which that clause was inserted has been accomplished and it is no longer in force.

We, therefore, hold that the conclusion of the district court to the effect that the plaintiffs are owners of the remainder in the land, subject only to the life estate therein of the defendant, Pauline Heyer, and that such ownership is free and clear of all present right of the defendant, Pauline Heyer, to sell or convey the land in fee simple, is right, and it is

AFFIRMED.