ELLEN MARIE ANDERSON ET AL., APPELLANTS, V. HELEN ANDERSON ET AL., APPELLEES.

FILED FEBRUARY 14, 1930. No. 26989.

*Frank S. Howell, O'Brien & Powers, Perry, Van Pelt & Marti* and *Richard S. Horton,* for appellants.

*Carl E. Herring, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and DINEEN, District Judge.

EBERLY, J.

The controlling question in this case is whether a life estate or a determinable fee is created by the following language employed in the last will of Gustave Anderson: "I give and bequeath to my beloved wife Helen Anderson all my property of which I may be possessed real and personal after my death as long as she shall remain widow, if she should marry my property is to go to my children share and share alike except as to her dower of which I have no control."

Gustave Anderson died October 2, 1911, leaving him surviving his wife, the devisee named above, and two sons, William G. Anderson and George O. Anderson. On December 22, 1924, the son William G. Anderson died intestate, without issue, leaving his widow, Ellen Marie Anderson, who is plaintiff herein, and his mother, Helen Anderson. The city of Omaha in widening Twentieth street appropriated a portion of the land thus devised, and thereupon

the plaintiff brought an action enjoining the city of Omaha, from paying the proceeds of the condemnation proceedings to the widow, Helen Anderson, as the sole owner, contending that the widow's estate under the terms of the will already quoted was limited to a life estate only, and that the fee title at the death of Gustave Anderson vested in the children, William G. Anderson and George O. Anderson, subject to the widow's life estate. After the commencement of this action Helen Anderson died testate, without having re-married. The district court, so far as the controlling question presented here is concerned, found in favor of the widow, adjudging that she took a .determinable fee. The reasoning of the district court in support of this conclusion is as follows:

"The essential question in this case is whether Helen Anderson took a conditional. life estate as plaintiffs assert,. or a determinable fee in her husband's real estate by the following terms in the latter's will: (Already set forth herein.) Nebraska law (Comp. St. 1922, secs. 5590, 5591) provides that no technical words of inheritance shall be necessary to create an estate in fee simple, and every conveyance of real estate shall pass all the grantor's interest, unless a contrary intent can be reasonably inferred from the terms used. The words of the will would carry a conditional fee estate. To limit the devisee's interest to a life estate, under the construction called for by the above mentioned statute, would require either an express devise for life only or that the limitation over apply in terms in 'devisee's death' as well as on her marriage. Neither appears in the will unless it could be found in the words 'as long as she shall remain widow.' In view of the limitation over it cannot be said that the testator meant that in any event these words should limit her to a life estate. The court finds that testator intended a conditional fee should pass to the wife, subject to be defeated if she should marry."

It is to be noted that the trial judge in arriving at the conclusion stated follows the course of reasoning pursued by Chief Justice Maxwell in *Little v. Giles,* 25 Neb. 313.. In

the case last referred to, the will, among other provisions, contained the following: "To my beloved wife, Editha J. Dawson, I give and bequeath all my estate, real and personal, of which I may die seised, the same to remain hers * * * so long as she shall remain my widow." It is also to be noted that this will by its terms vested full powers of disposition and conveyance in the widow, so the question here controlling was necessarily coupled with that fact in the case now under consideration. In discussing the effect of the language "so long as she shall remain my widow" Chief Justice Maxwell stated:

"At common law, in order to devise lands to another in fee, it was necessary to use words of inheritance, or equivalent words, showing an intention to give such estate; and a mere devise of real estate without words of inheritance gave the devisee only a life estate.

" 'The proper and technical mode of limiting an estate in fee simple is to give the property to the devisee and his heirs, or to him, his heirs and assigns forever; but such an estate may, even under a will made before 1838, be created by any expressions, however informal, which denote the intention.' 3 Jarman, Wills (5 Am. ed.) p. 30 et seq. See Dew v. Kuehn, 64 Wis. 293. The presumption at common law is, that only a life estate was intended to be devised, unless words of inheritance or words of like import were used.

"The construction of the will in question by the United States supreme court (Giles v. Little, 104 U. S. 291) under the common law, had that controlled the case, therefore, no doubt was correct.

"The common-law rule, however, has been changed in this state in two important particulars: First, 'The term "heirs," or other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple.' Comp. St., ch. 73, sec. 49. And second, 'Every devise of land in any will hereafter made shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the

devisor intended to convey a less estate.' Comp. St. ch. 23, sec. 124.

"The first of these sections is not referred to in the opinion of the United States supreme court, and probably the court's attention was not called to it, and the latter section was by mistake, no doubt, copied incorrectly, the word 'clearly' being omitted. *Giles v. Little,* 104 U. S. 291, 299. Mr. Justice Wood, therefore, in writing the opinion, gave no weight to the section whatever."

After a discussion of the decisions relating to the terms of the statute, heretofore quoted, Chief Justice Maxwell then states that the application of these statutory rules rendered necessary the conclusion that "no one will contend that it clearly appears from the above language that the testator did not intend to devise the fee." The point is covered in the syllabus of the case in the following language: "At common law a devise of real estate, in order to convey the fee, must contain words of inheritance or perpetuity, but under the statutes of this state such words are not necessary to convey the fee, and every devise of land is to be construed to convey all of the estate of the devisor therein, unless it shall clearly appear by the will that the devisor intended to convey a less estate." It is to be remembered that in the case of *Giles v. Little,* 104 U. S. 291, the supreme court of the United States had construed the identical will under consideration by this court in *Little v. Giles,* 25 Neb. 313, and announced its conclusion in the following language: "We have no doubt about the true construction of this will. Edith J. Dawson took under it an estate for life in the testator's lands, subject to be divested on her ceasing to be his widow, with power to convey her qualified life estate only. Her estate in the land and that of her grantees determined on her marriage with Pickering."

In point of time the case of *Little v. Giles,* 25 Neb. 313, was followed and approved when the identical will again came before the supreme court of the United States in the case of *Roberts v. Lewis,* 153 U. S. 367, wherein the United States supreme court overruled their former decision in

*Giles v. Little,* 104 U. S. 291, and announced its conclusion, so far as it related to the nature of the estate vested under the terms of the will in the widow, in the following language:

"By the statutes of Nebraska, 'Every devise of land in any will hereafter made shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate;' and 'the term "heirs," or other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple.' Nebraska Comp. St., ch. 23, sec. 124; ch. 73, sec. 49.

"In the opinion delivered by this court in a former case between different parties, and concerning other land, the second of those sections was not referred to, and the first was imperfectly quoted (omitting the word 'clearly' before 'appear') and was treated as of no weight; and it was held, reversing the decision of Judge McCrary in 2 McCrary, 370, that by the true construction of the will the widow 'took under it an estate for life in the testator's lands, subject to be divested on her ceasing to be his widow, with power to convey her qualified life estate only;' and that 'her estate in the land and that of her grantees determined on her marriage with Pickering.' *Giles v. Little,* 104 U. S. 299, 300.

"The supreme court of Nebraska, in a subsequent case (referring to *Little v. Giles,* 25 Neb. 313), considered those sections of the statute as controlling the construction of the will, and making it clear that the widow took an estate in fee."

It cannot be denied that one of the cardinal rules of construction, with respect to the will of Gustave Anderson now before us, is that all parts of the will are to be construed in relation to each other, and, so far as possible, to form one consistent whole. And it is also true that where two modes of construction are possible, as applied to a testamentary instrument, that is to be preferred which will prevent a total or even a partial intestacy. In fact,

this rule of construction is fully embodied in the Nebraska statute, already quoted, and the form of the will here presented also suggests the additional accepted rule of construction that the law favors early vesting of estates and prefers the first to the second taker.

A conclusion which is also fairly consistent with the terms of the Nebraska act quoted, on the subject of the proper construction of the language "as long as she shall remain widow," is discussed in Thompson, Construction of Wills, sec. 382, p. 515:

"The event of contingency which may be provided for the defeat of the qualified or defeasible fee may be the marriage of the first devisee. Thus, a devise in fee simple to testator's wife 'so long as she shall remain my widow' creates a condition subsequent, upon the happening of which the fee simple title is divested. Where a widow is given an estate defeasible by and in the event of her remarriage, her conveyance of the property so devised does not pass a fee to the grantee, but he takes subject to the liability that his estate will be cut down by the subsequent happening of the condition. Death of the widow without having remarried renders the condition ineffective, and the fee passes to her heirs. * * * Where the devise was to the wife of the testator with a provision that she should remain unmarried, but no provision was made for the disposition of the remainder after her death, she took a fee subject to the condition; but where the devise is to the wife 'so long as she remains my widow,' with a limitation over of the remainder 'after the remarriage' and also 'after the death' of the wife, she takes a life estate only."

The reasons above stated are consistent with the Nebraska cases of *Schminke v. Sinclair*, 100 Neb. 101, and *Worley v. Wimberly*, 99 Neb. 20, as it is to be noted in both of these cases there is a defeasance based upon the fact of the death of the devisee in addition to remarriage. This conclusion is also supported by the reasoning which appears in the cases of *Staack v. Detterding*, 182 Ia. 582, and *Jones v. Clyman*, 193 Ia. 1248.

It therefore follows that, under the terms of the Nebraska statutes and in view of the canons of construction applicable, we arrive at the conclusion in the instant case that the estate vested in the wife, under the terms of the will quoted, was a determinable fee, and that, as the devisee never married, the plaintiffs herein have wholly failed to establish a source of title which would vest them with an interest sufficient to maintain their action. The disposition of the case made by the district court is in all things correct and is

AFFIRMED.