JOHN T. BURTON, ADMINISTRATOR, APPELLEE, V. ROSS
DEFENBAUGH, EXECUTOR, ET AL., APPELLANTS.

273 N. W. 489

FILED MAY 26, 1937. No. 29969.

*Davis & Vogeltanz*, for appellants.

*Lanigan & Lanigan, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This is an appeal from the district court for Greeley
county. The following are material facts disclosed by the
record:

John Burton died in Livingston county, Illinois, on Janu-
ary 14, 1921, leaving a last will and testament which was
duly probated in the county court there and Ross Defen-
baugh was appointed executor thereof. At the time of his
death testator was the owner of real estate in Greeley
county, Nebraska, which was occupied and farmed by his
son, John Loren Burton. Ancillary proceedings were had
in the county court of Greeley county, Nebraska, and on
April 7, 1921, a duly authenticated copy of the last will

and testament of John Burton, deceased, was admitted to probate in the county court of Greeley county, and John Loren Burton appointed administrator with the will annexed. Said John Loren Burton with the knowledge and consent of his father, John Burton, had made valuable improvements upon the real estate situated in Greeley county.

The last will and testament of John Burton, deceased, provided in the first paragraph for the payment of debts and funeral expenses. In the second was given to his wife a life estate in all his property. She, however, died before the testator. The third and fourth paragraphs of the will are as follows:

"Third. After the death of my said wife, Elizabeth Burton, I give, devise and bequeath to Ross Defenbaugh as executor of this my last Will and Testament, all the rest, residue and remainder of my estate, real, personal or mixed, of every kind, character, and description and whereever situated, which above mentioned real estate includes 240 acres of land more or less in Greeley county, Nebraska; 160 acres of land more or less in Box Butte county, Nebraska; 6 acres of land more or less in Livingston county, Illinois, and 50 acres of land more or less in La Salle county, Illinois; in trust, nevertheless, for the following uses and purposes: I direct that my said executor shall after one year from the date of the death of my said wife, Elizabeth Burton, convert into money, all of my real estate so devised to my said executor by this clause of my will; and I hereby authorize, empower and direct said executor to sell and convey all of said real estate in his own name as executor and without any order of court, at either public or private sale, at such time or times and on such terms and for such price or prices as he may deem for the best interest of my estate. And I further direct that the proceeds of such sale or sales of said real estate and all my personal estate shall be equally divided among my six children or their heirs as follows: John Loren Burton, Matilda Melody, Mary Pope, Susan Defenbaugh, the children of my deceased daughter, Dora Evans, and the children of my deceased daughter,

Martha Hopwood; it being my intent that after the death of my wife then all of my estate both real and personal shall be sold by my executor and the proceeds divided equally among my six children in equal shares, share and share alike, the heirs of any of my children taking the deceased parent's share. I further direct that my said executor shall distribute said proceeds as soon as possible after said sale or sales of real estate to my said children and to those of my grandchildren who have attained their respective majorities but that he shall retain as such executor the respective shares of my grandchildren who are minors until they become of legal age and as soon as each grandchild arrives at legal age my said executor shall pay to such grandchild his or her respective share and take receipt therefor and deposit same in the probate court and that said executor shall keep the money belonging to such minor grandchild safely at interest until same is distributed as hereinabove provided. I further direct that my said executor shall not be required to give bond for the proceeds of such sale or sales of real estate; but that my executor shall, as soon as may be after said sale, make report of same to the probate court wherein this will may be probated, stating said amount of money received by him and distributed to my six children or their heirs hereinabove mentioned under this clause of my will.

"Fourth. I hereby give and bequeath to my said son John Loren Burton any and all improvements he may have made on my land in Greeley county, Nebraska, where he resides, or the value of such improvements, in addition to his lawful share under this will."

The remaining two paragraphs provide for the appointment of an executor.

During the course of probate proceedings in the county court of Greeley county, a stipulation was entered into between John Loren Burton and Ross Defenbaugh in their several capacities which provided that it was not practicable or for the best interest of the estate to remove such improvements from the Greeley county land and fixing the

value thereof at $2,500 to be allowed as a claim and become· a first lien on said land and paid from the proceeds thereof when sold by the executor. The stipulation and claim were duly filed and allowed in regular course without objection by any one at the time or, so far as appears, until in the present case. The final report of John Loren Burton as administrator aforesaid was regularly filed and approved in the county court of Greeley county and that court in its final decree September 22, 1921, recognized the said item of $2,500 and provided that a lien in that sum should be imposed upon the land situated in Greeley county in favor of John Loren Burton.

The property stood in this situation, the Greeley county land being occupied and farmed by John Loren Burton until he died in October, 1930. Thereafter the appellee herein, John T. Burton, as administrator of the estate of said John Loren Burton, on May 4, 1934, commenced this action in the district court for Greeley county for the purpose of determining the rights of the parties and securing definite action in reference to the payment of said $2,500 which he claimed as a lien against the premises, and such proceedings were had therein that in May, 1936, that court entered a decree determining that the proceedings had in county court constituted an ascertainment and determination of the value of said improvements which was fixed at $2,500, to the benefit of which under said proceedings and the provisions of the will said John Loren Burton was entitled, and constituted a valid lien upon the proceeds of the sale of the trust property devised to Ross Defenbaugh, executor, etc., in trust, and that the same should be paid out of the proceeds of the sale of the trust property prior to any division or distribution of any of said proceeds under paragraph three of the will. The court further found said Ross Defenbaugh guilty of negligence and a breach of his trust in neglecting and refusing to carry into effect the terms and conditions of his trust as provided in the will, that an unreasonable length of time had elapsed within which he should have done so, and directed that he perform

his trust and sell and convert into money the property devised to him in trust by the will within 90 days from the entry of the decree, and that he pay out of the proceeds of the sale of the trust property, first, the costs of this action, and, secondly, the said sum of $2,500 with interest from the date of the decree.

The contention in this court of the defendants who appeal may be summarized thus: First, that the will did not by its terms constitute, or permit the making of, the claim for the value of the improvements a lien upon the real estate, and that such purpose was not accomplished by the stipulation and proceedings had in the county court; second, that any right of action by the plaintiff to that end was barred by the statute of limitations.

Frequent reference is made to the case of *Klug v. Seegabarth,* 98 Neb. 272, 152 N. W. 385, and to *In re Estate of Strolberg,* 106 Neb. 173, 183 N. W. 97. The argument is to the effect that, because the provision respecting improvements follows the one in which general disposition is made of the property, it cannot be construed as having any effect toward making a sum representing the value of the improvements a lien upon the property. Unless the composition of the will itself indicates that importance should be given to the particular location of a clause in the will, we do not see that such location is entitled to any particular consideration. The thing that is important is the intention and purpose of the testator, and it has been frequently held by this court that it will, so far as possible, endeavor to place itself in the situation of the testator in construing a will and endeavor to carry out, so far as lawful and possible, his intent; that, as has often been said, so far as such intention can be ascertained "within the four corners of the will" the court will endeavor to effectuate it. Aside from the fact that it is mentioned in the reports of the cases above cited that the provisions of the wills there under consideration were "followed by" certain other provisions, we do not see that they controvert the position of the appellee in this case; and we are not ready to hold

that the determination of the case should turn upon the question whether the provision to be construed is followed or preceded by another provision necessarily connected therewith. We endeavor to consider the whole will and the circumstances of the person and property in connection with its making and thus determine the effect of the different clauses. In fact, it is determined in the *Strolberg* case: "A direction in the will that legacies be paid out of the personal estate, unaccompanied by language indicating a deliberate intent that the real estate should not be resorted to in case of deficiency of personal property, will not prevent the legacies from being charged upon the residuary real estate." And, further: "Effect should be given to all the provisions of a will, if, in the light of the surrounding circumstances, it can be done consistently with the recognized rules of construction as to the testator's intent." It has also been held: "In the construction of a will the intention of the testator, if it can be ascertained, must govern. Such intention should be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will." *Worley v. Wimberly*, 99 Neb. 20, 154 N. W. 849; *Heyer v. Heyer*, 110 Neb. 784, 195 N. W. 109.

The will provides that the proceeds of all the property, real and personal, not necessary for the payment of debts and expenses shall be equally divided among the six children of the testator or their successors in interest, and just as definitely provides that John Loren Burton, one of the six, shall have the improvements, or the value thereof, in addition to his share as above specified. There are no provisions as to how the value of the improvements shall be ascertained and no objection is here made that the manner of ascertainment was unjust or unfair or that the amount so ascertained is unreasonable. The objectors simply object to the ascertainment at all; and urge the ground that two of the appellants who are beneficiaries under the will did not consent thereto. It may be remarked that the matter had stood in the same situation for a number of years after the ascertainment in county

court, all of which was open and of record, and they have not objected to it until in the instant case. These defendants are joint appellants and jointly answered in the district court and there is no question that one of them, Ross Defenbaugh, to whom the property was devised as trustee and who holds the legal title, did consent to it and was a party to the stipulation. Nothing appears in the record to show that the appellants or any of them would be in any wise injured by the carrying out of these provisions in the manner indicated or by the enforcement of the decree of the district court. The estate, by the payment of this sum, is not being depleted nor the shares of the defendants decreased because of this manner of handling the improvement situation. The estate has acquired the improvements as a permanent part of the corpus. They were inventoried and appraised in the administration proceedings at the sum of $6,417.02. In the stipulation for an adjustment of the same and retention as part of the real estate they were valued at $2,500. If the estate is held to pay this latter amount, it is but making recoupment for what it has obtained that did not otherwise belong to it.

It is insisted that the amount in payment for these improvements must be paid from personal property and cannot be charged against the real estate. There is some confusion in the record in reference to the personal property, appellants insisting that according to the terms of the final decree in the county court it showed there was on hand an amount in excess of the $2,500 agreed upon, and the appellee explaining that this resulted from a matter of bookkeeping only, because the administrator in making his report showed the item of $2,500 as a receipt and on the other side showed it as a claim of John Loren Burton not paid, and it thus balances, leaving but $284 in excess of expenses already incurred. The inventory in the record discloses, aside from the improvements under consideration, only the sum of $401.75 in the estate. There is no showing or claim by anybody that there was any other personal property, and to the parties concerned it could make no

difference whether payment be made from personal or real property, for they all share in like amounts in both. It is apparent that, the estate having had and retained these improvements during all the years with the benefit thereof as appurtenant to the real estate, the appellee herein would be in no position to undertake recovery of the improvements themselves and has resided there during the time upon the assumption that the provisions already made, which he here undertakes to enforce, were complete and effective. The appellants do not produce any equitable ground or reasonable justification upon which they can claim the improvements and at the same time resist payment of this obligation.

Upon the matter of the statute of limitations, it is a trust that is here involved and the trustee, who has by the district court been found guilty of neglect of duty in performing his trust, is not in any position to urge the statute of limitations. Also, there is no limit fixed in the will within which the disposition of the property should be effected, and it is not shown that the defendant trustee repudiated his trust or declined to recognize this obligation under it, until approximately the time of the commencement of this action.

The decree of the district court was right and it is

AFFIRMED.