HAZEL T. GRAFF, APPELLANT, V. AUGUSTA K. GRAFF, APPELLEE.

286 N. W. 788

FILED JULY 3, 1939. NO. 30584.

*Harry R. Ankeny* and *Clinton J. Campbell,* for appellant.

*Jack, Vette & Lovewell,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

The plaintiff, Hazel T. Graff, filed suit to quiet title to a quarter-section of land in Gage county as against a judgment lien claimed by her sister-in-law, Augusta K. Graff, defendant. The trial court found in favor of the defendant and her judgment lien. Plaintiff appealed.

The facts may be briefly stated as follows: Henry Graff made a will April 11, 1905, and the issues must be determined in this case from a construction of the terms of such will. The testator died March 27, 1908, and on April 1, 1908, the will was filed for probate, the petition setting out that his only heirs were his widow, Susie Graff, his son,

Clarence W. Graff, then 19 years of age, and a daughter, Hazel T. Graff, then 16 years of age, who is the plaintiff herein.

On April 25, 1917, Clarence W. Graff married the defendant, Augusta K. Graff, and on August 28, 1921, their son, Joseph, was born. On March 1, 1923, a divorce was granted to Augusta from Clarence, the decree providing for payments of $50 a month for the support of the son, Joseph, said payments to begin April 1, 1923, and continue until the son, Joseph, was 14 years of age.

On January 8, 1930, a warranty deed for the quarter-section of land in Gage county was made by the widow, Susie Graff, and her son, Clarence, to her daughter, Hazel T. Graff, the consideration in said deed being one dollar and love and affection, and the deed was filed for record the same day.

The last payment made by Clarence W. Graff for the support of his son, Joseph, was for the month of September, 1930, after which no payments were made. An execution was issued on the judgment in the divorce case against Clarence W. Graff, and returned unsatisfied August 24, 1935. The widow, Susie Graff, died October 11, 1937, without having remarried.

On October 1, 1938, the petition to quiet title was filed in the case at bar, and exhibit A, attached thereto, is the will of Henry Graff. This will was drawn by Edwin N. Kauffman, an attorney of Wymore, and the second paragraph reads as follows:

"Second: I give and bequeath to my beloved wife Susie Graff the use income rents and profits of all the residue of my estate both real and personal after paying the charges mentioned in paragraph one of this instrument; so long as she remains unmarried; in case she should marry again after my death I direct that she shall then have one-third of my estate both real and personal, with absolute title thereto and the other two-thirds of my estate shall then be given in equal shares to my children then living in absolute title. I further direct that my said wife shall have the right and she is hereby empowered and authorized at any time

she desires to sell and convey by deed or bill of sale any or all real estate or personal property and invest the proceeds of such sales in such property and in such manner as she in her discretion shall deem for her best interests and the best interests of our children."

The appellant sets out several errors relied upon for reversal, which may be briefly stated as follows: That the trial court erred in holding that under the will the widow took a life estate, and not the fee title to the real estate; that the court further erred in holding that Henry Graff died intestate except as to the life estate of the widow, and that by reason of such intestacy Clarence W. Graff took an undivided one-half remainder interest in said estate; that the court further erred in holding that the deed from the widow and her son to her daughter was not within her power to give, and was of no effect; that the court erred in holding that the judgment of Augusta K. Graff attached to and was a lien against an undivided one-half interest in the real estate involved.

The plaintiff contends that a gift by will of the use, income, rents, and profits constitutes a gift of the real estate, and says this was first announced by Lord Coke, who asked the question, "For what is the land but the profits thereof?" and cites a multitude of cases which have followed the common-law rule.

In direct opposition to this claim, the defendant maintains that a gift to one during widowhood, or until her marriage, creates simply a life estate determinable on marriage, and this is true whether expressly limited for life or not, and that a power to sell added to the life estate does not include authority to make a gift of the property, or to convey it without consideration, and that such a transfer is fraudulent and void. This presents to this court a clear-cut issue, upon the determination of which the decree entered by the trial court stands or falls.

The court must not give undue weight to a single clause, for it is an accepted rule of construction of wills that they must be construed as a whole, giving to each word and

sentence such significance as will carry into effect the true intent of the testator, which intent will control over any arbitrary rule.

It has often been said that a court must, with care and patience, obtain first a full view of everything within the four corners of the instrument itself. We are assisted in this by two statutory rules of construction: First, section 76-109, Comp. St. 1929, setting out the duty of the court to carry out the testator's true intent; second, section 30-202, Comp. St. 1929, that a will shall convey all the estate the testator had unless it shall clearly appear by the will that he intended to convey a less estate. This provision renders ineffective the old common-law rule that, where a fee is given in one clause of a will, subsequent clauses attempting to cut down the estate would be void.

An examination of paragraph 2 of the will, set out herein, shows that the testator gives to his widow the use, income, rents, and profits of this quarter-section of land, such words indicating clearly that the interest given to the wife was less than the fee in said property. It is just as certain that the intention of the testator was to give her an absolute fee title to only one-third of the real estate in case she remarried, and the language chosen by the attorney who drafted the will indicates this definitely by the words, "with absolute title thereto."

The briefs are replete with citations of authority from many courts, but these questions are not new in Nebraska, and many cases can be cited from the decisions of this court on practically every phase of the construction of wills.

In *Worley v. Wimberly*, 99 Neb. 20, 154 N. W. 849, the testator gave his wife the use of all lands "so long as she lives or remains my widow," and it was argued by appellant that the widow took the estate in fee simple, for the reason that it did not appear that the testator intended to convey to her a lesser estate, and that the district court erred in construing it to devise to her only a life estate, but Judge Barnes said, in affirming the trial court: "This seems to be clearly a limitation upon the extent of her estate in the

real and personal property, and is a valid and effective limitation defining the extent of her estate."

In *Heyer v. Heyer,* 110 Neb. 784, 195 N. W. 109, the will was drawn by a person who was inexperienced in drafting wills, and bluntly provided as follows:

"After my death the farm shall go to my wife, Pauline Heyer.

"After her death the farm shall go to my son, August John Heyer. * * *

"In case my wife cannot keep up the place (farm), I give her the right to sell it, provided she is single.

"Should she marry again she shall not sell it."

In writing the opinion in this case, Judge Blackledge said: "The language of the will is simple. The rules of construction to be applied are elementary. The first two sentences hereinbefore quoted are not subject to construction, when both are considered, they so clearly give a life estate to the wife and remainder to the son."

Other cases might be cited, such as *Grant v. Hoover,* 103 Neb. 730, 174 N. W. 317; *Schimpf v. Rhodewald,* 62 Neb. 105, 86 N. W. 908.

In *Horak v. Stanley,* 249 N. W. 166 (216 Ia. 318), it is said: "Devise of life estate will not be interpreted as devise of fee simply because otherwise testator would die intestate as to remainder."

In *Krause v. Krause,* 113 Neb. 22, 201 N. W. 670, the third paragraph of a will gave all of the real estate owned by the testator to the wife, intending and making her the owner in fee, with full title thereof, but in the fifth paragraph he gives to his two sons all of his real estate which his wife has not sold or disposed of during her lifetime, and it was held that the husband did not vest his wife with a fee simple title in the property.

In *Bretschneider v. Farmers Nat. Bank,* 131 Neb. 495, 268 N. W. 278, the will provided that all of the estate, real and personal, should go to the widow, but if she should die, or marry again, then the property should descend to testator's two sons in equal shares. In this opinion this court

said: "Plaintiff insists that the will set out above is governed by the finding of this court in *Little v. Giles,* 25 Neb. 313, 41 N. W. 186; *Giles v. Little,* 104 U. S. 291. But that will provided that, if the widow should remarry, then all of his estate, *or whatever may remain,* should go to the surviving children. Again, in *Anderson v. Anderson,* 119 Neb. 381, 229 N. W. 124, relied upon by the plaintiff: In this opinion we find a quotation from Thompson, Construction of Wills, 515, sec. 382: 'Where the devise is to the wife "so long as she remains my widow," with a limitation over of the remainder "after the remarriage" and also "after the death" of the wife, she takes a life estate only.' "

In *Carman v. Davis,* 193 Ia. 1076, 188 N. W. 892, the will provided as follows: "I give, devise, bequeath, my estate and property, real and personal, as follows that is to say: to my beloved wife Elizabeth C. McGuire, one-third (1/3) of all my property, both real and personal, and the remaining two-thirds (2/3) to my beloved grandchildren, and shall be divided equal, share and share alike. * * * It is my request and will that after the death of my beloved wife Elizabeth C. McGuire, and after all her just debts are paid, then the remaining part of the estate shall be divided equal, share and share alike between my beloved grandchildren." The court in construing the will said: "If the testator intended to give the wife a fee he did not say so, and in the last paragraph of his will he manifested his intent that his grandchildren upon her death should take her interest, if it became vested. It is an expression of intent on the part of the testator to limit the estate vested in his wife to a life estate."

We will consider only one more decision of our court, which is *Merrill v. Pardun,* 125 Neb. 701, 251 N. W. 834, in which the will gave the property to testator's wife, "to be hers absolutely," but if any property remain at her death it "shall go to my daughter, * * * to be hers absolutely." The decree of the trial court found that the fee title went to the wife. This court, in reversing such holding, said: "The two clauses are to be construed and considered together

to ascertain the true character of the estate in fact granted by the first clause; and * * * the second clause is effective and operative to define and limit the estate granted by the first to and as a life estate with power of disposition." See, also, *Schminke v. Sinclair,* 100 Neb. 101, 158 N. W. 458; 9 Neb. Law Bulletin, 218; *Abbott v. Wagner,* 108 Neb. 359, 188 N. W. 113.

Where there is a devise to one in general terms only, expressing neither fee nor life estate, and a subsequent limitation over of what remains at the taker's marriage, and if there is also given to the taker an express power of disposition, which is not absolute, but is limited or restricted as to its exercise, the devise is construed to pass a life estate only. See 75 A. L. R. 93, Ann.

In the second paragraph of the will, quoted herein, the widow had the right to sell the real estate and invest the proceeds of such sales in such manner as she "shall deem for * * * the best interests of our children." Her right to sell was strictly limited, and in our opinion did not contemplate the right to give all the real estate to testator's daughter for one dollar, love and affection, when one possible effect of such a gift might be to assist the son to avoid making the last portion of the payments due on a judgment awarded in a divorce case by the district court, which monthly sums were to continue until testator's grandson had reached the age of 14 years.

This attempted gift of the property does not comply with the plain instructions of the testator in his will giving her the right to sell and invest the proceeds. A power to sell and invest proceeds does not authorize a gift of the property without consideration, and such a transfer is void. *Abbott v. Wagner,* 108 Neb. 359, 188 N. W. 113; *Garland v. Smith,* 164 Mo. 1, 64 S. W. 188; 49 C. J. 1271.

Without further discussion of the many authorities cited in the excellent briefs submitted, we are convinced that the trial court reached the proper disposition of matters at issue in this case, and its decree is hereby

AFFIRMED.