In the Matter of the Estate of HARRIOT ERVING, Deceased.

MERCED D. M. GREENE and EMILIA J. B. GREENE, Petitioners, Appellants, Respondents; GEORGE LEASK and SIGOURNEY W. FAY, as Executors, etc., of HARRIOT ERVING, Deceased, Respondents, Appellants.

*Legacy — interest to be paid from the expiration of one year, although the executor has not previously had funds from which to pay — rule as to the application of partial payments and computation of interest.*

The estate of a testatrix, who died in December, 1888, at which time letters testamentary were issued to her executors, did not come into the possession and under the control of her executors until 1898, and after it did come into their control the executors were unable to realize at once sufficient moneys with which to pay in full two legacies of $10,000 each bequeathed by the will. They accordingly made payments upon such legacies from time to time as moneys of the estate came into their hands.

*Held,* there being nothing in the will indicating that the testatrix did not intend the two legacies to draw interest, that such legacies drew interest at six per cent from the expiration of one year after the issuance of letters testamentary;

That, in applying the partial payments made by the executors upon the legacies, the following rules should be observed, viz., each partial payment should be applied in the first place to the discharge of the interest then due. If the payment exceeded the interest, the surplus should be applied upon the principal and the subsequent interest should be computed on the balance of the principal remaining due. If the payments were less than the interest, the surplus of interest should not be taken to augment the principal, but interest should continue to be calculated on the former principal until the payments taken together exceeded the interest due, when the surplus should be applied upon the principal and subsequent interest be computed on the balance as before mentioned.

CROSS-APPEALS by the petitioners, Merced D. M. Greene and another, and by George Leask and another, as executors, etc., of

Harriot Erving, deceased, from portions of an order of the Surrogate' Court of the county of New York, bearing date the 10th day of October, 1904, and entered in said Surrogate's Court, directing the payment of a balance due on certain legacies.

*H. W. Simpson*, for the petitioners.

*James H. Fay*, for the executors.

*Jacob F. Miller*, for the Society for the Reformation of Juvenile Delinquents.

*Samuel T. Carter, Jr.*, for the Burnham Industrial Farm.

*David J Newland*, for the Baptist Home for the Aged.

McLaughlin, J.:

Cross-appeals from an order of the Surrogate's Court of the county of New York directing the executors of the last will and testament of Harriot Erving, deceased, to pay to the petitioners a balance of two legacies.

Subsequent to the taking of the appeals the residuary legatees named in the will were made parties to the proceeding under section 2573 of the Code of Civil Procedure. There is no dispute as to the facts, the sole question presented being whether the petitioners are entitled to interest upon their legacies, and if so, the way in which such interest shall be computed. The facts, so far as the same may be necessary to a proper consideration of the question presented, are as follows: Harriot Erving died in December, 1888, leaving a will which was admitted to probate and letters testamentary were issued by the Surrogate's Court to the executors therein named on the twentieth of December of that year. By this will the testatrix bequeathed the sum of $10,000 to each of her nieces, the petitioners above named. At the date of the testatrix's death her estate consisted, with the exception of a small amount of personal property, of an undivided one-half interest in the estates of her two deceased brothers. Such one-half interest was appraised in the official inventory of her estate at a nominal or unknown value, the estates being then involved in judicial proceedings, the result of which was uncertain. The judicial proceedings occupied several

years after the testatrix's death and it was not until October 4, 1898, that her executors came into possession or control of her one-half interest in her brothers' estates, which consisted of certain lands in California. As the executors did not, and were unable to, realize at once sufficient moneys with which to pay off the legacies in full, they made payments from time to time as remittances were received from California on the sale of a portion of the land, and it was not until June 14, 1904, that there were sufficient funds in their hands to pay the legacies in full. They then claimed there was due to each of the legatees the sum of $1,303.97 only. This was disputed, each of the legatees claiming there was due $2,581.87. The executors, however, paid what they claimed was due, and thereupon the petitioners instituted this proceeding for the purpose of compelling them to pay the alleged balance.

The dispute between the executors and the petitioners related to the method in which the interest upon the legacies had or should be computed. The executors claimed, and this is the method adopted by them, that interest upon the legacies should be computed at the rate of six per cent from the expiration of one year from the time letters testamentary were issued to final payment; that interest should also be computed upon each payment as made to the same time; that the aggregate amount of payments and interest thereon, taken from the amount of the legacies, with interest, showed to what the petitioners were entitled. If this were the proper method of computing the interest, then the executors' contention is correct, and the petitioners have received all to which they are entitled.

The petitioners contended that interest should be cast upon the legacies from the time specified and at the rate adopted by the executors until the payments made to apply thereon exceeded the interest, and that the surplus of such payments should then be applied towards discharging the principal, and that thereafter interest was to be computed on the balance of the principal remaining due. The surrogate did not adopt either method. He allowed interest upon the legacies to the time when payments to apply thereon exceeded the interest; then he allowed interest on the payments made from the time they were made until that time, and then added the interest to the payments and deducted that from the principal sum with the interest thereon. Under the method adopted by him there

was found to be due each of the petitioners on the 14th of June, 1904, $1,882.49. An order was entered to this effect from which the parties have appealed as above indicated.

The residuary legatees contend that inasmuch as there was no personal estate and the executors did not have sufficient funds to pay the legacies until the same were received from a sale of the California lands, the legatees are not entitled to any interest upon their legacies, for which reason the order should be reversed and the petitioners ordered to make restitution to the executors of all sums received over and above the amount of their legacies.

I think they are mistaken in their contention. The general rule is that a legacy draws interest at the legal rate after one year from the issuance of letters testamentary unless there is something in the will to indicate a contrary intent (*Matter of McGowan*, 124 N. Y. 526) and this whether the estate has been fruitful or unproductive. (*Matter of Oakes*, 19 App. Div. 192.) There is nothing in the will of the testatrix to indicate that she did not intend the legacies given to the petitioners should draw interest, and the fact that they could not be paid in full until funds were received from a sale of the California lands did not deprive them of the right to interest.

This leads to a consideration of the only other question involved on the appeal, and that is, the method which should be adopted in calculating the interest, and upon this it does not seem as if there could be any serious doubt. The rule to be applied was settled nearly a hundred years ago, in *Connecticut* v. *Jackson* (1 Johns. Ch. 17). It was stated as follows: " The rule for casting interest, when partial payments have been made, is to apply the payment in the first place to the discharge of the interest then due. If the payment exceeds the interest the surplus goes towards discharging the principal and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal, but interest continues on the former principal until the period when the payments taken together exceed the interest due and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid." It has since been followed. (*Young* v. *Hill*, 67 N. Y. 162; *Peyser* v. *Myers*, 135 id. 599.) In the latter case the court said:

" The interest was computed on the principal to such time as the payments equalled or exceeded the interest and then a new principal was ascertained. The method of computation adopted has been long recognized in this State as legal and we perceive no reason for disregarding it in the present case." If the interest on the legacies in question be computed according to this rule, then there was due each of the petitioners on the 14th of June, 1904, the sum of $2,581.77, instead of $1,882.49 as found by the surrogate. To this extent the order appealed from is erroneous and must be modified accordingly.

It follows, therefore, that the order appealed from must be modified by directing payment to each of the petitioners of the sum of $2,581.77, with interest from the 14th of June, 1904, and as thus modified should be affirmed, with ten dollars costs and disbursements to the petitioners.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to the petitioners.