JOSEPHINE FISCHER

*v.*

SOPHIE BUTZ *et al.*

*Opinion filed December 22, 1906.*

1. WILLS—*executors have a reasonable time in which to execute power to make partition.* Executors have a reasonable time after the probate of a will in which to exercise the power conferred by the will to make partition, and such power is not divested because of the filing of a bill for partition before the executors have had a reasonable time in which to act.

2. TRUSTS—*when court will not undertake to execute trust.* A court of equity will not undertake to execute a trust imposed by will upon executors to make partition, where there is no claim that the executors have acted fraudulently or unfairly or that they have delayed beyond a reasonable time in making partition themselves.

3. SAME—*what does not justify resorting to court for partition.* A mere fear that a certain woman will assert a claim of a common law marriage with the testator, and thereby cloud the title of the heirs to real estate, does not justify a bill by an heir making such woman a party and asking the court to assume the execution of a trust imposed by the will upon the executors to make partition of the property.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

MASON & WYMAN, for appellees Mary L. Zuttermeister and Herman H. Fischer.

VINCENT D. WYMAN, guardian *ad litem* for minor appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a suit for the partition of the real estate owned by Joseph Fischer at the time of his death. The bill alleges that said Joseph Fischer died testate December 2, 1904; that he left no widow surviving him, but left as his children, Mary L. Zuttermeister, Herman H. Fischer, Oscar Fischer and Arthur Fischer, the last two named being minors; that George C. Fischer, a son of the testator, died before the death of his father, leaving no children but leaving the complainant, Josephine Fischer, his widow. The will of Joseph Fischer, after directing the payment of his debts and a bequest of $500 to Sophie Butz, gave all the rest, residue and remainder of his estate, real, personal and mixed, to his children in equal parts, share and share alike. The will further provided that if any child died before the death of the testator, leaving no children but leaving a husband or wife, such surviving husband or wife should receive one-third of the share of such deceased child, the other two-thirds to be divided equally among the testator's surviving children. Appellant, as surviving wife of George C. Fischer, deceased, filed a bill for partition, claiming to be the owner of an undivided one-fifteenth of the real estate owned by the testator at the time of his death. The will was executed in March, 1901, and by it the testator appointed his three adult children, Mary L. Zuttermeister, George C. Fischer and Herman H.

Fischer, or the survivors of them, executors. After naming them as such executors and directing that they be allowed to qualify without giving bond, the will reads: "And I hereby give and grant to the said executors full power and authority to settle my estate in such manner as to them may seem best; to compromise and compound all claims and demands in favor of or against my estate; to give full discharges and acquittances; to sell, convey, mortgage or partition any part or all of my estate for the purpose of settlement thereof, and to do all acts which they may deem necessary or advisable in the administration of my estate, without any order of court." The bill made Sophie Butz a defendant, and alleged that she falsely claimed and pretended to be the widow of Joseph Fischer, deceased; alleged she was not such widow; that she had never been married to Joseph Fischer, and asked that the court decree that she is not the widow of Joseph Fischer, and has no interest, as widow, in his estate. Sophie Butz answered complainant's bill and filed a cross-bill, by which she claimed to be the widow of Joseph Fischer, deceased, by virtue of a common law marriage between them. The executors and devisees of the will filed an answer admitting the material allegations of the bill, and averring that by virtue of the authority of the will empowering the executors to make partition of the real estate of the testator without going into court, said executors did, on 17th day of May, 1905, by their deed of partition, convey and set off to the complainant, as and for her one-fifteenth share in the real estate of the testator, lot 14 in the bill described, subject to a trust deed in the nature of a mortgage to secure a note for the sum of $900. The answer avers that the said lot, subject to the encumbrance, was of the value of one-fifteenth part of all the real estate described in the bill. The cause was referred to the master to take proof and report his conclusions. After hearing the evidence the master reported that the executors of the will of Joseph Fischer, deceased, acting within the powers vested in them by said will,

had partitioned and set off to the complainant, in fee simple, her full share and interest in the real estate of testator, and that she had no title or interest in any of the other real estate she sought to partition and was not entitled to any relief prayed in her bill. He also found and reported against the claim of Sophie Butz made by her cross-bill, and recommended that both the original and cross-bills be dismissed. A decree was entered in accordance with the recommendations of said report of the master, dismissing both the original and cross-bills. From that decree complainant in the original bill has prosecuted this appeal. No appeal was prosecuted by Sophie Butz, and the correctness of the decree in dismissing her cross-bill is not involved in this record.

The question to be determined is, whether the power conferred by the will upon the executors to partition the land, and the partitioning and setting off to appellant by them of her share of the real estate, precluded her from maintaining a bill for partition.

The will of Joseph Fischer was admitted to probate on the 7th day of January, 1905. Appellant filed her bill for partition April 18, 1905. The decree finds that the executors prepared a deed May 17, 1905, conveying to appellant the premises partitioned and set off to her; that said deed was acknowledged June 1, 1905, recorded June 2, 1905, and mailed to appellant August 21, 1905, and that appellant in due time notified the executors that she refused to accept the deed.

That the will conferred power upon the executors to partition the real estate of the deceased is not disputed. Appellant's contention is, that the power in the executors to make partition is merely authority to do so if they deem it advisable, and this power is subject to be defeated by a bill for partition being filed before the power is exercised. It is also urged that Sophie Butz claimed to be the widow of testator, and that this clouded the title to his real estate, and that this cloud could only be removed by a court of equity, and af-

forded additional reasons why appellant's bill was proper and should have been sustained.

We are of opinion it was the intention of the testator that the power to partition his lands should be lodged in his executors at least for a reasonable time after his death. He is presumed to have known that, in the absence of restrictions in his will to the contrary, his devisees, or any of them, would have had the right to invoke the aid of a court of chancery for partition, and whether he made the duty to partition mandatory upon his executors or not, the fact that he gave them the power to do so we think shows his intention to have been that they should have had at least a reasonable time in which to exercise the power. It was said in *Story* v. *Palmer*, 46 N. J. Eq. 1: "The bill in this case was filed within a few months of the death of the testator. The estate is a very large one. The trustees need time for consideration, and it appears to me that before the bill was filed sufficient time was not allowed them to agree as to the execution of the trust. It is to be expected that trustees, especially where the estate is large, will have temporary disagreements as to the proper methods of executing the trust. Reasonable time must be allowed them to ascertain and consider the elements that should influence and control their judgment."

The power to partition was a special trust and confidence reposed in his executors by the testator, and a court of equity will not take the execution of that trust out of their hands unless they have abused it or refused for an unreasonable time to execute it themselves. "A court of equity will examine into the conduct of a trustee in the execution of his discretionary powers, and will assume control over the trustee's conduct, and, if need be, will take upon itself the execution of the trust. But the court will exercise this prerogative with great caution, and will not displace the trustee from exercising his functions unless, upon a consideration of the reasons and grounds upon which he has acted,

it appears that he has abused his trust and that his acts in the premises have not been within the limits of a sound and honest execution of the trust." (*Story* v. *Palmer, supra.*) Of course, a court of equity would take upon itself the execution of the trust if those charged with it by the will were fraudulently or unfairly dealing with the property to the detriment of the beneficial owners. (*Dickson* v. *New York Biscuit Co.* 211 Ill. 468; *Story* v. *Palmer, supra;* Perry on Trusts, secs. 510, 511.) The bill in this case was filed four and one-half months after the death of the testator and three and one-half months after the will was admitted to probate. No demand or request was made upon the executors for partition before it was filed. Indeed, the exercise of some judgment and reasonable discretion upon the part of the executors would forbid a partition and distribution of the real estate at so early a date after letters testamentary were issued, for it could not be known then certainly what the indebtedness of the estate was. It surely cannot be that whether the executors should be permitted to exercise the power and discharge the trust reposed in them by the testator would depend upon whether they could make the partition before one of the devisees could get a bill on file for that purpose. It is not pretended there was any fraud or unfairness in setting off to appellant her share of the land or that what was set off to her was worth less than the value of her interest in the premises. The decree recites that appellant offered no evidence on this question, and finds, from the evidence offered by the executors, that the partition was a fair and honest one and that the land set off to her was her full share of the real estate.

We do not think the pretense of Sophie Butz that she was the widow of Joseph Fischer by virtue of a common law marriage with him constituted sufficient grounds for taking from the executors the powers and duties conferred upon them by the will. The mere fear that some designing adventuress might seek to establish some fraudulent claim

upon property would not authorize a court of equity, on appellant's motion, to assume the execution of the trust. And this is especially true under the facts in this case as found by the decree. The decree finds that at the time of the probate of the will, also at the time of the death of Joseph Fischer, and at a time about six months prior thereto, there were rumors in the neighborhood where he lived that he and Sophie Butz were married, and said-claim by Sophie Butz became known to all the children of Joseph Fischer at the time his will was admitted to probate. The decree further finds that at all times since the death of Joseph Fischer his executors and heirs-at-law were in possession of abundant evidence establishing the fact that said Sophie Butz was not married to and was not the widow of Joseph Fischer. Up to the time the bill in this case was filed by appellant, Sophie Butz had made no move to establish her claim. She made no resistance to the proceeding when the will was admitted to probate, proof of heirship made and letters testamentary granted.

It is also urged by appellant that partition in equity was necessary because it could not be known when the bill was filed whether the personal property would be sufficient to pay the debts and legacies, and if the partition was made by the executors it could not be known whether the lands were free from liability on account of indebtedness of the estate. It does not appear that any emergency existed for partition that required a court of equity to so far take charge of the administration of the estate as to determine, in advance of the time allowed by law for determination in the probate court, whether the personal estate was sufficient to pay the indebtedness, so that the partition might be made. It would not be the imposition of a hardship on a tenant in common if partition were delayed until the expiration of the time allowed by law for filing claims in the probate court against an estate. It is only then that it can be ascertained certainly what the liabilities of the estate are.

224—25

We are of opinion the filing of the bill by appellant did not defeat the power conferred upon the executors by the will, and that the superior court properly dismissed the bill. Said decree is therefore affirmed.

*Decree affirmed.*