RAY MEAD CO., INC., Respondent, *v.* PRODUCTS MFG. CO., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Trial — erroneous charge — automobiles — jury — right of way — when new trial ordered.

> In an action to recover for damages to plaintiff's automobile it appeared that while the car was proceeding northerly along one street, defendant's car was being driven easterly along another street, and that at or near the intersection of both streets the cars collided. *Held,* that it was a question for the jury as to which party had the right of way.
>
> Where, therefore, the court in its charge not only ignored the relative speed at which both cars were travelling but failed to consider that defendant might rightfully assume that plaintiff's chauffeur would have its machine under control as it neared the street along which defendant's auto truck was proceeding, and under the instructions of the court the jury were confined merely to a consideration of distances, a judgment in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by defendant from a judgment for plaintiff entered upon the verdict of a jury in the Municipal Court of the city of New York, borough of Manhattan, first district.

Bertrand L. Pettigrew (John G. Miller, Jr., of counsel), for appellant.

Herman H. Levy, for respondent.

WAGNER, J. The action was brought to recover damages sustained by plaintiff's automobile, by reason of a collision with the defendant's automobile truck. The plaintiff's car was proceeding northerly

upon Fifth avenue, in the borough of Manhattan, city of New York, and the truck going easterly upon the roadway leading out of Central Park at Ninety-seventh street. The point of impact was at or near the intersection of these highways. Upon both the issues of negligence and contributory negligence, the case presented a fair issue of fact for the determination of a jury, and we would feel concluded by their verdict, had the learned trial court not committed an error in its charge to the jury, which we think requires a reversal of the judgment. The defendant's counsel excepted to the following charge of the court, dealing with the effect to be given to the city ordinance, which provides that vehicles going in the northerly or southerly direction shall have the right of way over any vehicles going in an easterly or westerly direction. Cosby's Code Ord. Anno. 1915, p. 336.

" Now when you determine this question — for instance, if you should determine that the limousine was 25 feet south of the 97th street corner, and this truck was just leaving the cut made in Central Park, then, gentlemen of the jury, you can assume that the plaintiff had the right of way, taking into consideration the testimony given, if you believe that the width of Fifth avenue is 50 feet — I think there was testimony of 35, 40 and 50 feet, and that from the end of the sidewalk to the end of the curb is 15 feet. *Now, if that limousine was 25 feet south of 97th Street at the time the truck was leaving the cut, just appearing beyond that wall that was built to keep up the soil of the park, the right of way under such circumstances would have belonged to the plaintiff because the distance between plaintiff's car and 97th Street would be 25 feet, while the distance between defendant's car and the point where possibly the collision*

*occurred would approximately be 40 feet. Under such circumstances, I charge you, if you find those to be the facts, that the right of way would be in the plaintiff."*

This charge not only ignored the relative speed at which the several cars were travelling, but failed to consider any assumption that the defendant might rightfully indulge in that the plaintiff's chauffeur would have its machine under control, as it neared Ninety-seventh street. Distance alone is not the decisive feature in determining to which party the right of way obtains. Other considerations are equally controlling and persuasive upon that question. In *Boston Insurance Co. v. Brooklyn Heights R. R. Co.,* 182 App. Div. 1, the court similarly instructed the jury in response to an inquiry predicated upon the relative distances of the two cars. Justice Shearn, dissenting upon another point, said: "It is contended that the court's answer to the jury's inquiry was tantamount to an instruction that if the driver of the automobile, when 25 feet distant from the track, saw a car 125 feet on his left and approaching the crossing, it was the duty of the driver to stop and to allow the car to cross first. Such a charge would be erroneous. (*Demarest v. Forty-Second St., M. & St. N. Ave. R. Co.,* 103 App. Div. 503, 506), for it would not take into consideration the relative speed of the vehicles or the right of the driver of the automobile to assume that the motorman would have his car under reasonable control as he approached the crossing." The question as to which party had the right of way in the instant case was for the jury to decide, considering all the circumstances of the case as developed by the testimony and should not have been confined to a consideration of distances merely. The court was

not permitted to instruct as it did as a matter of law upon the jury's finding the above-mentioned isolated facts to be true. The solution of the question was to be arrived at upon a far more comprehensive consideration of the evidence. The error was serious, bearing upon the vital issue of the case, and compels a new trial.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.