CLARKE, P. J., and PAGE, J., concur; LAUGHLIN and MERRELL, JJ., dissent.

LAUGHLIN, J. (dissenting):

I dissent upon the ground that in my opinion the defendant is clearly guilty and that the error was not sufficiently prejudicial to require a reversal. (See Code Crim. Proc. § 542.)

MERRELL, J.:

I concur.

Judgment reversed and new trial ordered. Settle order on notice.

---

EDWARD CLAYTON and Others, Appellants, *v.* JOHN KINGSTON, Individually and as Executor, etc., of MARY A. KINGSTON, Deceased, Respondent.

First Department, July 14, 1922.

Wills — construction — legacy charged on real estate devised to husband who was appointed executor — executor given discretionary power of sale — executor must sell within reasonable time to pay legacies — one year more given executor to sell but legacies declared to be lien — legacies bear interest one year from date of issuing letters — executor subrogated to rights of first mortgagee to extent of principal of mortgage paid by him.

Under a will which charges certain legacies upon real estate devised to the testatrix's husband who was appointed executor, and which empowered the executor to sell the property at such times and in such manner as he may deem most advantageous for the best interests of the estate, the executor is not given absolute discretion as to whether he will sell or not, but he must make the sale within a reasonable time, which time is to be determined by the circumstances

of the case and not by his caprice or conclusion as to what the testatrix intended to accomplish, nor by any arbitrary determination to postpone indefinitely the execution of the power and the payment of the legacies.

In view of the advanced age of the executor he is given the further time of one year in which to make a sale of the property, but in the meantime the legacies are declared to be a lien thereon.

The legacies draw interest after one year from the date of the issuing of letters testamentary.

The executor is subrogated to the rights of a first mortgagee to the extent that he has paid the principal of said mortgage.

APPEAL by the plaintiffs, Edward Clayton and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 7th day of July, 1921, upon the decision of the court rendered after a trial at the Bronx Special Term dismissing the complaint upon the merits and directing the cancellation of record of the notice of pendency of action filed on the 25th day of August, 1920.

*Richmond J. Reese* of counsel, for the appellants.

*David Ashworth* of counsel, for the respondent.

DOWLING, J.:

Mary A. Kingston died in the city of New York on March 30, 9141, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of Bronx county and wherein letters testamentary were issued to defendant John Kingston, her husband, on July 25, 1914. She left her surviving her husband, a nephew and two nieces, all of full age. She died seized of certain premises situated in the borough of The Bronx, city of New York, known as Nos. 572 and 574 East One Hundred and Sixty-eighth street, and 1210 and 1212 Fulton avenue. By her will, which bears date March 15, 1914, after directing the payment of her debts, funeral expenses and the expenses of the administration of her estate, as soon after her decease as practicable, she bequeathed the sum of $1,000 each to her nephew Edward Clayton and her nieces Catherine Monks and Jennie Monks and provided:

" I do hereby charge the payment of the above legacies bequeathed by the above clause of this my Last Will and Testatment, upon any and all real estate which may be owned by me at the time of my death, and which real estate is hereinafter devised to my husband John Kingston.

" *Third.* All the rest, residue and remainder of my estate, both real and personal, wheresoever situated, which at the time of my death shall belong to me, or be subject to my disposal by Will, I give, devise and bequeath to my husband John Kingston, absolutely and in fee simple; the real estate however, so devised to

him, shall be subject to the payment of the legacies bequeathed by the second paragraph of this my Last Will and Testament.

"*Fourth.* I hereby nominate, constitute and appoint my husband John Kingston and John A. McEveety, to be the Executors of this my Last Will and Testament, and I direct that they or either of them shall not be required to give any bonds or security for the faithful performance of their or his duties as Executors of this my Last Will and Testament; and I hereby authorize and empower them, or the survivor of them, to sell either at public or private sale, and at such times and in such manner, and upon such terms and conditions, as they or he may deem most advantageous for the best interests of my estate, the whole or any part of the real estate of which I may die seized of, or which I may have any interest in, and to execute and deliver any and all conveyances, deeds or other instruments that may be necessary or proper to transfer said property."

Although the executor has taken possession of the real estate in question, he has never paid any of the legacies charged thereon, save amounts aggregating $335 to Jennie Monks on account of her legacy, nor has he ever exercised the power of sale given him by the will.

The premises in question were subject to mortgages aggregating $14,000, and the equity therein was fixed at $6,500 by an order of the Surrogate's Court of Bronx county, in transfer tax proceedings, confirming the report of the transfer tax appraiser dated October 1, 1914.

A payment of $2,000 has been made on account of one of the mortgages. An expert witness called by plaintiffs testified that the value of the property in January, 1921, was $26,000 and that a sale of the property at market prices at the time of the trial (March, 1921) was desirable. An expert called by defendant testified that the value of the property as a whole was $22,300, it might bring about $25,000, but that it would not be a good time to sell the property "just now," though he admitted it would be hard to tell when it should be sold.

The accounting of the executor made in November, 1917, shows no personalty belonging to the estate, and also shows that he claimed to have advanced over $800 to pay debts thereof, funeral expenses and expenses of administration.

The defendant at the time of the trial was eighty-two years of age. It is his contention that it was the intent of his wife that he should enjoy this real estate and the rents therefrom to support him in his old age, and that he was to sell the property only when he saw fit; in short, that the will was intended solely for his benefit and that the legacies were to be paid only when he saw fit to do so, if at all.

The will is not capable of this construction. The legacies are bequeathed absolutely and are charged upon the real estate for greater security and are a prior lien to any devise to the husband. The power of sale is given to the executor that the property may be sold expeditiously and economically, among other things, that the legacies may be paid. The executor may wait a reasonable time before he can be called upon to exercise the power, but that time is to be determined by the circumstances of the case and not by his caprice or conclusion as to what the testatrix intended to accomplish, nor by any arbitrary determination to postpone indefinitely its execution and payment of the legacies.

In view of the age of the defendant, we accept as reasonable the suggestion that he be given further time of a year within which to effect a sale of the property, but plaintiffs are entitled to a judgment at once declaring that the legacies, so far as unpaid, are a lien upon the property. The record discloses sufficient reason why this decree should be entered at once.

The learned trial court has made contradictory findings as to the amount of the advances to Monks on account of her legacy. It seems to us that the proper amount, as upon the proof, is $335.

Further, we are not assuming to pass upon the rights of Mrs. Lillian Kingston, if any, as she is not a party to this action and cannot be bound by the judgment thereon, in so far as the validity of the mortgage given to her by defendant is concerned.

The general rule is that a legacy draws interest at the legal rate after one year from the issuing of letters testamentary, unless there is something in the will to indicate a contrary intent, and this whether the estate has been fruitful or unproductive. (*Matter of Erving*, 103 App. Div. 500; *Lawrence* v. *Littlefield*, 215 N. Y. 561.)

As all the facts available are concededly before this court, and the question involved is one of law, judgment should be directed in favor of plaintiffs, as follows:

1. That the legacies in question, so far as unpaid, be declared to be a lien upon the real property of the testatrix as of the date of July 25, 1914, to bear interest from July 25, 1915, the total amount thereof to become due and payable when the property shall be sold, and the proceeds received, or sooner upon the death of the defendant.

2. That the defendant shall have one year from the date of the entry of judgment within which to execute the power of sale contained in the will and sell the property in question, and if he fails so to do, the plaintiffs may have leave to thereafter apply at the foot of the decree for an order appointing a referee to sell the same.

3. The defendant is to be subrogated to the rights of the first mortgagee to the extent of the $2,229 which plaintiffs concede is the correct amount paid thereunder; but whether such subrogation inures to the benefit of defendant personally or is held by him in trust for Mrs. Lillian Kingston is not now determined, she not being a party to this action, and defendant having undertaken to give her a mortgage on the real estate for $4,600, including the $2,000 principal, paid to reduce the first mortgage.

4. Costs and disbursements of the trial and of the appeal are allowed to plaintiffs, to be paid only out of the proceeds of sale of the real estate.

Findings of fact and conclusions of law may be submitted in accordance with this opinion.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment reversed and judgment ordered for plaintiffs as stated in opinion, with costs of trial and of the appeal to plaintiffs to be paid only out of proceeds of sale of the real estate. Settle order on notice.