In the Matter of the Estate of JEREMIAH DESMOND, Deceased.

Surrogate's Court, Kings County, November 6, 1937.

*Larkin, Rathbone & Perry,* for the Central Hanover Bank & Trust Company, as substituted trustee, accountant.

*Connolly & Frey,* for Hannah Desmond and Honorah Desmond, remaindermen, legatees.

*Butler, Wyckoff & Reid,* for Stuyvesant Square Hospital, residuary legatee.

*Bergan & Prendergast,* for the Immaculate Conception Day Nursery, residuary legatee.

*Smith & Reiher,* for the St. Vincent's Home of the City of New York for the Care and Instruction of Poor & Friendless Boys, residuary legatee.

*Hutton & Holahan,* for the Roman Catholic Orphan Asylum, residuary legatee.

*Gray & Tomlin,* for the Brooklyn Home for Aged Nursing Sisters, residuary legatee.

*Cullen & Dykman,* for the Brooklyn Home for Children, residuary legatee.

*J. Russel Sprague,* for the St. Malachy's Home, residuary legatee.

*Mengel & Conroy,* for the Daughters of Wisdom.

WINGATE, S. This is an application to compel the substituted trustee to liquidate sufficient of the assets in its hands to permit of the payment of the sums long overdue to certain preferred remaindermen.

The will, which was probated in 1920, erected a trust for the life benefit of the widow. On her death $16,500 was, as events have transpired, directed to be paid outright to four named persons and the balance divided among ten charities. The widow died in September, 1934, but as yet none of the remainder gifts have been paid.

The funds in the hands of the trustee are unfortunately invested in mortgage participations and real estate which has been acquired for salvage purposes. Their face value, according to the figures of the account, amounts to $49,560.68. Presumably their liquidation value at the present time would be materially less, but it is alleged and not denied that this would considerably exceed the total of the preferred gifts.

One of the preferred remaindermen voices her need for her distributive share, and is obviously entitled to receive it, even though its present payment would prevent possible future enhancement of the value of the deferred benefits. As this court observed in *Matter of Hanna* (158 Misc. 177, 179): " it cannot be denied that the policy of the law contemplates a reasonably expeditious liquidation and settlement of decedent estates, and does not encourage indefinite holding by executors for purposes of out and out speculation even though a particular testator may have evinced an inclination for the adoption of such a course. What period of retention is to be deemed reasonable must depend upon the particular facts of each individual case. In the usual demonstration, it has been held that eighteen months after qualification is an approximate limit (*Matter of Weston*, 91 N. Y. 502, 511; *Matter of Surpless*, 143 Misc. 48, 52; *Matter of Taft*, 145 id. 435, 441). In the present instance more than double this time has already elapsed, so that it would seem to follow that an inference would arise from the facts that still further retention would be improper."

The showing in the present case is much stronger than that adduced in *Matter of Hanna*, which merely concerned the obligation of an executor to make payment. Here the amounts of the remainder gifts have actually been matured obligations for more than three years, and there is no intimation in the will that the testator desired postponement of their solution in the interest of the deferred remaindermen. The persons entitled to preference have been most patient and reasonable, as is further evidenced in the present application by their willingness to permit the trustee such additional period for liquidation as the court may deem reasonable. The trustee has tendered no demonstration to indicate that there is any reasonable hope for any enhancement in the value of the assets in its hands, but has submitted the application solely as a question of law on the allegations of the petition.

The payment of these long overdue remainder gifts may not be postponed indefinitely in the hope of a speculative advance in values for the benefit of others possessing deferred rights, and it would appear that more than a reasonable time has already elapsed.

In view, however, of the co-operative attitude of the petitioner, the trustee will be given a further period of ninety days within which to liquidate sufficient of the assets in its hands to pay the preferred gifts, but will be directed to satisfy them at or before the expiration of such time.

Enter order on notice in conformity herewith.