## In the Matter of the Estate of PAULINE HODGSON, Deceased.

Surrogate's Court, Bronx County, April 10, 1939.

*Jacob F. Gottesman,* for Oliver B. Hodgson and Katherine Hodgson Rellstab, petitioners.

*Douglas Mathewson,* for the respondents.

HENDERSON, S. The petitioner Katherine Hodgson Rellstab received her entire legacy of $3,000 on January 4, 1937, and now seeks legal interest thereon from its due date, February 23, 1936, to such date of payment. When she accepted her legacy, she executed and delivered a receipt therefor " in full satisfaction, payment and discharge of the amount of the legacy " bequeathed to her, although she had previously demanded interest thereon.

The petitioner Oliver B. Hodgson received $1,750 on January 24, 1938, on account of his legacy of $3,000, and now seeks the balance thereof with legal interest on his entire legacy from its due date, February 23, 1936, to the respective dates of payment. When he accepted such partial payment, he executed and delivered

a receipt therefor " on account of and in part payment, satisfaction and discharge of the Three thousand Dollar ($3,000.00) legacy " bequeathed to him. His receipt also contained the following paragraph: " I hereby reserve and retain any legal claim I may have for interest on the aforesaid legacy, for judicial determination should I desire to have same."

In the absence of testamentary intent to the contrary, interest upon a legacy is allowed as damages for the default in payment at the termination of the statutory period of administration. Unless interest is payable by the terms of the will, it is not an integral part of the legacy but is a mere incident thereto. As such it cannot exist without the legacy. If the legacy is extinguished by payment, the incidental interest is also extinguished. The receipt of the legacy bars a subsequent claim for the interest. (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 461; *Matter of Hodgman*, 140 id. 421, 428; *Cutter* v. *Mayor of New York*, 92 id. 166, 170, 172.) No reservation, disclaimer or protest of the legatee upon the receipt of the legacy could create a right to interest which was extinguished by the acceptance of the legacy. (*Cutter* v. *Mayor of New York, supra*, p. 172.)

Interest on the legacies in question is not payable by testamentary direction, and is merely incidental thereto.

By the acceptance of her legacy in full, the petitioner Katherine Hodgson Rellstab extinguished both her legacy and its incidental interest.

The application, as to her, is accordingly dismissed.

The legacy of the petitioner Oliver B. Hodgson, however, was not extinguished by the partial payment accepted by him. Hence his right to damages for delay in payment continued to exist, and may be included in an action or proceeding to obtain the balance of his legacy. He is entitled to interest whether or not the assets are frozen and can be liquidated only at a great loss. (*Matter of Rutherfurd*, 196 N. Y. 311, 315; *Wheeler* v. *Ruthven*, 74 id. 428, 431, 432; *Matter of Erving*, 103 App. Div. 500, 503.)

The respondents have cited two cases which hold or intimate that the court has discretion in awarding or withholding interest as damages for delay in payment of legacies. These determinations by courts of original jurisdiction are not controlling and I do not concur therein. If I have such discretion, however, it should be exercised in favor of the general legatees for the following reasons: The administrators *c. t. a.* are the residuary legatees. Their retention of the assets to prevent loss, although not criticized, was and is for their own benefit. The unliquidated assets now consist of three mortgages, the face values of which aggregate

$14,000, and which are not in arrears, a guaranteed mortgage for $8,000 upon which no interest has been paid since August 1, 1937, but which produces some income applicable to taxes on the security, and some realty taken upon foreclosure of a $5,000 mortgage. There is no contention that a forced sale of these assets would result in a loss to the general legatees whose pecuniary legacies aggregated the sum of $16,000, which has been reduced by payments to less than $10,000.

The facts alleged by the respondents with respect to the guardianships of the petitioners, who were infants when their legacies matured, were not sufficient to prevent a timely payment of the legacies if the respondents had desired to pay them.

The estate has a little more than $500 in available funds. The application as to the petitioner Oliver B. Hodgson is granted to the extent of directing the respondents to pay him the sum of $500 on account of his legacy and interest in accordance with the rule for casting interest stated in *Connecticut* v. *Jackson* (1 Johns. Ch. 13, 17) and noted in *Matter of Erving* (*supra*). This determination is made without prejudice to such future applications as he may be advised to make in the premises.

Settle decree.