RALPH BRYANT, APPELLEE, V. RUTH F. FINGERLOS, EXEC-
UTRIX, ET AL., APPELLANTS.

295 N. W. 896

FILED JANUARY 17, 1941.   No. 30903.

*William J. Ballard,* for appellants.

*John L. Chew* and *Dorsey & Baldrige, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

PAINE, J.

This is a suit in equity in the district court for Burt county to have a legacy declared to be a first lien upon certain real estate, and to have the said real estate sold and the proceeds applied, first, to the payment of costs, and

then to the payment of plaintiff's legacy, and, next, to the payment of other legacies set out in the same will.

The plaintiff, Ralph Bryant, of Spokane, Washington, is a legatee, under the will of his mother, the testatrix, of a bequest in the sum of $5,000 cash. The defendant Ruth F. Fingerlos, formerly Ruth F. Roberts, a daughter of the testatrix, was named as executrix, and, furthermore, she was bequeathed, as the residuary legatee, all of the real and personal property of the estate, after the payment of the debts, and four bequests of $1,000 each, and a bequest of $5,000 to her brothers and sisters.

Mary O. Roberts died testate on August 2, 1924, owning the northeast quarter of section 22, township 22, range 10, in Burt county, Nebraska, and was survived by two sons and four daughters. The will provided that the executrix should sell, at public or private sale, and convert into money, the above described land as soon after the death of the testatrix as may be expedient, "but that she shall not be required to do so until she has had ample time and reasonable opportunity to obtain the highest and best prices therefor." Because of the steady and continued decline in the value of this real estate, the executrix was unable to sell the property for a price sufficient to pay the $9,000 in cash legacies, and therefore the matter dragged along year after year. The plaintiff finally filed his petition in the estate case in the county court for Washington county on June 12, 1929, in which he prayed for an order that the executrix render an account and show cause why she should not comply with the will. No action is shown to have been taken thereon.

The plaintiff thereupon dropped further proceedings in the county court for Washington county, and waited for more than eight years longer. Then on August 27, 1937, plaintiff brought an independent suit in the district court for Burt county, where the land was located, and where one of the heirs lived, and got service upon the others, and asked that an accounting be had of the amount due him, and also praying to have the lien of his $5,000 legacy de-

clared to be a first lien upon the real estate, and if defendant failed within 20 days to pay into court the amount due plaintiff, then an order should issue, directed to the sheriff of Burt county, commanding him to advertise and sell said premises as upon execution, and that the proceeds should be brought into court and applied, first, to the payment of costs, second, to the satisfaction of plaintiff's lien, and the remainder to abide the further order of the court.

A motion to dismiss was filed by the executrix on October 11, 1937, on the ground that the action was one for the construction of a will now in process of probate and administration in Washington county, that if the prayer is granted it will deprive executrix of her powers and duties under said estate proceedings, and nullify the provisions of said will, and that the district court has no jurisdiction of the subject-matter. There was contained therein a demurrer that the petition does not state a cause of action. After argument by counsel, this motion and demurrer were overruled March 17, 1938, by the presiding judge, Arthur C. Thomsen. No appeal was taken from the ruling on the demurrer, nor was any other pleading filed by the executrix, or any other defendant.

After a further delay of over eleven months, a decree of foreclosure was entered February 27, 1939, by John W. Yeager, then presiding judge, and the decree was submitted to Reed O'Hanlon, attorney for the executrix, who countersigned the same as follows: "OK Reed O'Hanlon Defts, Atty."

On April 26, 1939, an order of sale was issued to the special master commissioner, directing that said land be sold to satisfy the following amounts adjudged to be due: (1) Costs of action; (2) to Ralph Bryant, $5,000; (3) to Irene Mary Wakefield, $1,000; (4) to Tom C. Roberts, $1,000; (5) to Mattie P. Scott, $1,000; (6) to Ellen J. Reid, $1,000.

In the decree the court finds that the executrix had authority to sell the real estate to pay the debts and legacies, but that the power of sale given the executrix has been

forfeited by lapse of time, and is now null and void by her failure to exercise the same within a reasonable time after her appointment, and finds that the real estate was to be sold by the executrix, subject to plaintiff's $5,000 legacy, charged as a first lien, and subject also to legacies of $1,000 each to four other heirs.

At the sale by a special master commissioner under the decree of foreclosure, the plaintiff bid $3,200, being the only bid received for the premises. The defendant executrix objected to the confirmation of the sale on the grounds that the court had no jurisdiction of the parties, and had no custody of, or jurisdiction of, the matter because the property was in the custody of the county court of Burt county, where probate proceedings were pending, and no final settlement made, and no decree of distribution entered, and no bond provided by the plaintiff to the county judge of Burt county to secure the payment of debts, expenses, and to indemnify the executrix against the same, as provided in section 30-1304, Comp. St. 1929.

The objections to confirmation being overruled, an order of confirmation was entered by the court on December 14, 1939, finding that Harvey R. Ellenberger, special master commissioner, to whom an order of sale had been issued, made due and legal notice, and sold the land at public auction to Ralph Bryant, plaintiff, on April 25, 1939, for the sum of $3,200, and that said property was sold for its fair value under the circumstances and conditions of sale, and that a subsequent sale would not realize a greater amount. The objections of the executrix being overruled, the special master commissioner was directed to make a good and sufficient deed to purchaser. The executrix appealed.

The principal errors relied upon for reversal were: (1) That the district court erred in holding that it had jurisdiction of the parties and of the subject-matter pending the administration; (2) that the court was without jurisdiction to adjudge that the authority given the executrix to sell the land had been extinguished.

There is no question that, if a will directs the executor

to sell "as soon as may be after my decease," he is not required to sell immediately, and it is left to the executor's discretion as to the time of sale, within reasonable limits, if he acts in good faith and without neglect. *Matter of Varet,* 181 App. Div. 446, 168 N. Y. Supp. 896.

In the case of *Trust Co. of New Jersey v. Glunz,* 121 N. J. Eq. 593, 191 Atl. 795, the estate amounted to $62,800 and the cash bequests $43,000. In four years rents had been collected of $22,000 and expenses paid out $13,600, leaving a net income of $8,400. It was conceded by all of the parties in interest that it would be unwise to sell the property at this time. The will in this case said: "My said executors and trustees shall have power to do any and everything in the management and disposal of my estate as if I could do, if I was living;" and it was held under these circumstances that the executor was right in deferring the sale of the real estate.

Let us now examine some cases passing upon the question of the lack of diligence of the executor in making a sale of the property.

"Where the will gives to the executor the power to sell real estate but does not fix the time within which such power must be exercised, the executor must exercise the power within a reasonable time. *Fischer v. Butz,* 224 Ill. 379, 79 N. E. 659, 115 Am. St. Rep. 160. What is a reasonable time will depend largely on the facts in each case. If the executor is not diligent in the exercise of the power, any tenant in common may proceed to partition the estate. The filing of the bill to partition will suspend the power to sell until disposition is made of the suit to partition." *Vierieg v. Krehmke,* 293 Ill. 265, 127 N. E. 735. In this case the executor delayed the sale for more than two years. His excuse was that the market was not favorable, but the court did not consider his excuse valid, and having failed to exercise the powers given him within a reasonable time, held that he had forfeited his right to exercise that power.

The will provided in *Jones v. Hext,* 67 S. W. (2d) (Tex. Civ. App.) 441, that the widow should be sole executrix,

and cash bequests of $5,000 were left to each of two sisters of the testator, to be paid when certain ranch lands were sold. His wife and daughter were to have the rents and revenues from the ranch until sold. It is contended that, as the lands have not been sold, the legacies have not vested. The court construed the will to impliedly direct a sale of the ranch lands to pay the legacies within a reasonable time, but the court would not assent to a construction of the will which places it within the power of a residuary devisee to completely defeat a plain provision thereof by refusing to perform its implied command, especially when such refusal increases the estate of such residuary devisee and her daughter by the amount of the legacy. Such an interpretation would amount to writing a new will giving the residuary devisee the option of paying the legacies. The ranch lands had been mortgaged to secure the sum of $70,000, all of which the widow and daughter have received, which may probably defeat the payment of the legacies. The trial court was right in holding that the ranch lands were charged with the legacies, and subject to foreclosure and sale for the payment thereof.

Under a will devising the residue of testatrix's estate to her husband, and giving him the power to sell and convey the realty at such times as he deemed it most advantageous, it was held in *Clayton v. Kingston*, 202 App. Div. 165, 195 N. Y. Supp. 909, that it was not the testatrix's intent that he should sell the property and pay the legacies only when he saw fit, although he might wait a reasonable time before exercising the power, the legacies being a prior lien to any devise to him. Testatrix gave $1,000 each to three nephews and nieces. The value of the property was $26,000; the mortgages against it, $14,000. There was no personal property. The executor was 82 years of age, and said the intent of his wife was that he should enjoy the real estate and the rents therefrom to support him in his old age, and that he was only required to sell the property when he saw fit, if at all. It was held that the will was not capable of this construction. The legacies were bequeathed absolutely,

and charged upon the real estate, and are a prior lien to any devise to the husband. The executor might wait a reasonable time before selling, but that time is to be determined by the circumstances of the case, and not by the executor's caprice, or conclusion as to what the testatrix intended to accomplish, or by his determination to postpone indefinitely the payment of the legacies.

In *Hood v. Shively*, 31 S. W. (2d) (Mo. App.) 283, five years had elapsed when the district court partitioned the realty. This was held not in contravention of the will, in view of the unreasonable delay in effecting a sale.

An examination of the Nebraska cases discloses that this is a case of first impression in this jurisdiction. Somewhat similar situations have been presented to this court, but they have usually been decided on some other proposition of law.

It is argued by the executrix that since 1873 county courts have had exclusive original, legal and equitable jurisdiction in all estate matters in Nebraska, and that the district court has appellate jurisdiction only, citing section 27-503, Comp. St. 1929.

"County courts of the state, which are by the Constitution and laws given exclusive original jurisdiction in all matters of probate settlements of estates of deceased persons, etc., have the power and authority, with respect to the subjects mentioned, to try and determine actions of an equitable character, and grant equitable relief, when proper, to the same extent as a district court regarding other subjects in the exercise of its general equitable jurisdiction." *Williams v. Miles*, 63 Neb. 859, 89 N. W. 451.

In section 30-1409, Comp. St. 1929, it is provided that an executor shall render an account of his administration within one year, and it is expected that every estate shall be closed as speedily as possible.

In *Lehman v. Wagner*, 136 Neb. 131, 285 N. W. 124, this court said: "The presumption that the testatrix intended that the legacy should be paid in the first year after the appointment of the executor under the will, and if not so

paid should bear interest from that time, is a reasonable and fair presumption, under the circumstances."

Section 30-611, Comp. St. 1929, clearly limits the time allowed for closing estates to three years, and if an estate has not been closed in that time the county court may enter an order to require the executor to file his final account and make final settlement.

In *Lincoln Nat. Bank & Trust Co. v. Grainger,* 129 Neb. 451, 262 N. W. 11, it was said: "Without much regard to canons of construction, the court will place itself in the position of the testator, ascertain his intent from the provisions of the will and enforce it, if lawful. *Weller v. Noffsinger,* 57 Neb. 455; *Krause v. Krause,* 113 Neb. 22; *Elliott v. Quinn,* 109 Neb. 5; *Heywood v. Heywood,* 92 Neb. 72."

Can there be any doubt in the case at bar that the testatrix intended this land to be promptly sold and the five brothers and sisters to receive the amount of the cash bequests?

The case of *Klug v. Seegabarth,* 98 Neb. 272, 152 N. W. 385, was an action brought in the district court to have a specific bequest of money declared a lien upon real estate in the hands of the residuary legatee. It was said in that case that, while the county court had exclusive original jurisdiction over all matters of the probate of wills, "this does not operate to exclude the jurisdiction of the district court in a case where the construction or consideration of a will is incidentally involved and the relief demanded does not call for a direct exercise of probate power."

The question generally involved under our law is whether or not the executor was negligent in causing unnecessary delay in the settlement of the estate.

If the executrix of an estate, because of an advantage which she might gain by prolonging the administration of an estate, or for any other reason, fails to carry out the provisions of the will within a reasonable time, it is proper for a court of equity, upon application of any one aggrieved thereby, to sell the property to pay the liens against the same. As to what is a reasonable time for the executrix

to sell property as directed in the will, the courts differ very decidedly, some holding that it must be done within two years, and others granting a longer period, but in our opinion it would be equitable to all parties concerned to presume the power granted the executrix to sell had expired if she refused and neglected to exercise the same for a period of nearly fifteen years, and, as in the case at bar, conditions might arise in which such a period of time would be too long. *Burton v. Defenbaugh,* 132 Neb. 851, 273 N. W. 489; *Bratt v. Wishart,* 136 Neb. 899, 287 N. W. 769; 18 Neb. Law Bulletin, 124.

After a study of the facts in this case, we are forced to the conclusion that only a court of equity can bring relief. It is plain that the testatrix expressly directed that the executrix should sell this property, pay off the $9,000 of bequests, and keep the remainder for herself. The executrix did not hold title to this farm under the will, but did have the power of disposition, and the direction to sell must be complied with within a reasonable time.

The district court for Burt county, where the land was located, clearly had jurisdiction of the land, and also had the right to determine that the power of the executrix to sell the land had been forfeited by the many years of delay. A sufficient showing being made, the district court rightly decided that the lien of the legacy could be enforced in equity.

Admitting that the exclusive original jurisdiction over all matters relating to the probate of this will was in the county court for Washington county, this did not operate to exclude the jurisdiction of the district court in Burt county in a matter wherein the construction or consideration of the will was only incidentally involved and the relief demanded did not call for the direct exercise of probate power.

The trial court was right, and its action is hereby

AFFIRMED.