Samuel J. Silverman, S.
This is a proceeding to vacate an irrevocable trust created by petitioner and to direct the administrator of decedent’s estate to make a final distribution to her personally instead of to the trust. A respondent (remainderman of the trust) moves to dismiss on the ground that the court is without jurisdiction of the subject matter, in that the proceeding involves an inter vivos trust.
When fiduciaries of a decedent’s estate have been discharged, by decree or by agreement of the parties, and an inter vivos trust created, and the validity of that trust is not attacked, the determination of the rights of the parties under that inter vivos trust is not within the jurisdiction of the Surrogate’s Court.
But in the present case the inter vivos trust was created by an instrument which is an assignment of petitioner’s interest in a decedent’s estate; the present proceeding involves an attack on the validity of that transaction ab initio. The question of the validity of the assignment of a legacy or distributive share in a decedent’s estate is one of which the Surrogate’s Court has jurisdiction. (Isaacs v. Isaacs, 208 App. Div. 61 [1st Dept., 1924].)
Again, a proceeding by a beneficiary to compel an administrator to deliver to the beneficiary her interest in the estate is within the traditional jurisdiction of the Surrogate’s Court. (SCPA 2102, subds. 4 and 5.) That is part of the relief that petitioner seeks in the present proceeding. In such a proceeding, no doubt the fiduciary could interpose the defense that *994 pursuant to some agreement between the parties the fiduciary discharged his obligation by delivery of the property to an inter vivos trust, or that petitioner had validly assigned her interest to a third party, and the beneficiary could contend that the agreement was invalid, and the Surrogate’s Court would unquestionably have jurisdiction to determine the issue. That is exactly the present situation.
In this connection, the court notes that the form of the proceeding is of no particular importance. (SCPA 202.)
What is involved here is a dispute ‘'relating to the affairs of decedents ” and this court has jurisdiction in such a dispute to “ make a full, equitable and complete disposition of the matter ”. (SCPA 201, subd. 3.) The motion to dismiss is denied.