OPINION OF THE COURT
C. Raymond Radigan, J.
This is a proceeding by two charitable legatees to compel *707 the filing of an intermediate accounting and the payment of their legacies with interest (EPTL 11-1.5 [c]; see also, SCPA 2102 [4]). In addition, the petition seeks to enjoin further ex parte applications for the payment of executors’ commissions on account under SCPA 2311 or at least that notice to them of such an application be required.
Decedent died testate on July 8, 1974 leaving a multimillion dollar estate, most of which consisted of sizeable real estate holdings and mortgages. Paragraph nineteenth of the will gives the St. Paul’s Roman Catholic Church, one of the petitioners, a sum equal to an amount sufficient to satisfy the mortgage on the church’s real property which the testator understood did not "exceed the sum of $212,000.” The Roman Catholic Church of the Holy Name of Jesus, the second petitioner, is the recipient of a similar bequest keyed to the church’s mortgage which the testator states he understood did not "exceed the sum of $380,000.” Although letters testamentary were granted to the three executors over 11 years ago on July 24, 1974, these legacies have not been paid by the executors whose answer raises various defenses and who have now moved to dismiss the petition.
Claiming the legacies are not yet payable under the terms of the will, the executors rely on paragraph twenty-second of the will which provides in part: "With respect to the specific legacies left under the terms of this my Will, I direct that they shall not run with interest, except in the discretion of the executors, and the same shall not be paid until such time as all of the tax liabilities affecting my estate have been determined and payment made, or provided for, except, however, I grant to my executors the power to make such payments or such advances against such legacies as they, in their discretion, may determine necessary by virtue of the physical health, advanced age or other conditions affecting the legatee, it being my intention that at all times I want this gift to be a benefit to the recipient but not cause any detriment to the overall estate.”
The executors having raised a question of construction, it is proper for the court to interpret the will in this proceeding (SCPA 202, 201 [3]; see, Matter of Koestler, 59 Misc 2d 993), particularly since the decedent’s daughter, the residuary beneficiary of the estate, is one of the coexecutors and a party to this proceeding.
After the expiration of seven months from the time when *708 letters are granted (or the publication of notice to creditors, as the case may be), an action or proceeding to enforce the payment of a disposition or share of an estate may be commenced following demand and refusal (EPTL 11-1.5 [c]). Nevertheless the testator is always at liberty to direct in his will the time when a general legacy should be paid, whether it be accelerated or postponed (Matter of Rutherfurd, 196 NY 311, 314-315). However, there is a presumption in favor of the statutorily fixed due date and if payment is to be postponed beyond such time, that intention must be found in the will itself interpreted in connection with the circumstances surrounding the testator at the time of making his will (Matter of Rutherfurd, 196 NY 311, 314-315, supra).
Here the will expressly directs that legacies not be paid until all tax liabilities "have been determined and payment made or provided for.” Because the estate has been permitted to defer a large portion of estate taxes because of its illiquid condition, large sums of interest on such taxes have been paid and remain payable. The executors have claimed additional estate tax deductions with regard to such interest payments, which, in part, have been allowed by the Federal Government. In one of their annual applications to defer estate taxes, the executors state "as those claims are allowed, the balance of federal death taxes outstanding will be reduced far below the amount of estate tax demanded”. It is therefore apparent that the basic parameters of the over-all estate taxes have been ascertained. The executors nevertheless assert that because the exact amount of estate taxes and interest remain uncertain, there has been no "determination” of the taxes as required by the will.
The language of the will reveals the testator’s obvious concern with the amount of his tax liability. He nevertheless balanced this concern with the statement that he wanted the legacies to be a "benefit to the recipient” while not causing any "detriment to the overall estate.” At all times this estate appears to have had more than double the amount of assets as liabilities, albeit in an illiquid form. These assumptions are based on conservative date of death values of the real estate and not current market values. Given those assumptions, it is difficult to conclude that a finding that the legacies are due would be a "detriment” to the estate. Under the circumstances the court finds that the estate taxes were "determined” as that term is employed in the will as of March 9, 1978, that being the date the executors accepted by waiver the *709 reduced Federal estate tax deficiency following their successful appeal.
The will’s requirement that the taxes, in addition to being determined, "be paid or provided for” presents no obstacle to declaring the legacies due since, while final payment may not have been made, the estate assets on hand are more than sufficient to consider the payment provided for. That this has been the executor’s own conclusion is evident from their last application for an advance payment of commissions where they state "the executors have paid or adequately provided for all creditors’ claims, legacies, funeral and administration expenses”.
The executors are apparently under a misconception that the priority of estate taxes prevents the payment of even "a penny on account of petitioner’s legacies” citing 31 USC § 3713 (a) (1) (B). However, a reading of the statute reveals that such is the case only in insolvent estates. Questions of preferences and priorities only have significance in estates where there is insufficient assets to satisfy all claims (see, EPTL 13-1.3; SCPA 1811; Powers, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1811, p 201).
While the legacies are now due, it appears the illiquid condition of the estate prevents their present payment. This does not, however, prevent interest from accumulating on the bequests from the due date found, a legatee being entitled to interest whether or not the assets are frozen and can be liquidated only at great loss (Matter of Hodgson, 170 Misc 897; In re Brundage’s Will, 32 NYS2d 393). The will, however, directs that legacies shall not "run with interest”. The general rule is that unless otherwise provided by the will, interest is payable on a general legacy from the time when the legacy is payable until the time when it is paid (Matter of Rutherfurd, 196 NY 311, 314-315, supra). While it is arguable that the testator intended there to be no interest payable at all, even after the due date, it is more probable that the prohibition of no interest had reference to the statutory requirement that interest accumulate following seven months from the grant of letters testamentary (EPTL 11-1.5 [d]) and the will is so construed. Accordingly the legacies are payable with interest from their due date.
The executors resist filing an intermediate accounting at this time claiming this is primarily a proceeding to compel the payment of legacies, even though the petitioners specifically *710 seek a compulsory accounting. While it is true that the legatees are primarily interested in the payment of the legacies, this does not obviate the fact that they raise potentially serious questions concerning the manner in which this estate has been administered. These questions concern primarily the failure to liquidate large real estate holdings for an extended period of time and concomitant losses that have been incurred in the continuation of various businesses of the decedent related to these realty holdings. While the will suggests that the "Farmstead Acre Stables be continued as a racing stable” this desire is prefaced with the condition that it be "economically sound and financially possible”. Generally a fiduciary may not continue a decedent’s business unless explicit authority is found in the will or unless it is continued temporarily for purposes of liquidation (Matter of Gibson, 46 Misc 2d 954). Moreover, even where there is explicit permission, general estate assets, apart from those already in the business, are not to be employed in such enterprise (Matter of Muller, 24 NY2d 336; Matter of Gibson, 46 Misc 2d 954, supra).
Where all debts and expenses having priority have either been paid or provided for, there should be no reason to delay or postpone the payment of legacies. Subject to the retention of sufficient assets to satisfy all charges and expenses, it is the duty of an executor to proceed with reasonable promptness to satisfy legacies and he may be held liable to any legatee who is damaged by unreasonable delay (Tomlinson, Administration of Decedents’ Estates § 14.31-1 [2d ed]; see also, In re Draser’s Estate, 81 NYS2d 648 [a fiduciary is under a legal obligation to make a maximum effort to put the estate in a position to make distribution at the expiration of the seven-month period]). The executors, however, complain that they should not be forced to liquidate the real estate holdings at sacrifice prices.
Without prejudging this matter, the policy of the law contemplates the reasonable expeditious liquidation and settlement of decedents’ estates and does not encourage indefinite holding by the executors for the purpose of speculation, notwithstanding the testator may have evinced an inclination for adoption of such a course (Matter of Hanna, 158 Misc 177, 179; Matter of Desmond, 164 Misc 950).
The motion to dismiss the proceeding is denied and so much of the petition as requests a compulsory accounting is granted. The executors are directed to file a voluntary account by November 27, 1985 or a 10-day compulsory order to ac *711 count will issue without further notice. Whether the legacies have been deferred here because of unreasonable delay resulting in the payment of interest at the legal rate is a matter which will be determined on the accounting (EPTL 11-1.5 [d]).